OPINION
{¶ 1} Plaintiff-appellant Darlene Lamar appeals the July 19, 2005 judgment of the Allen County Court of Common Pleas granting defendant-appellee Jerry Washington's motion for summary judgment. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).
 {¶ 2} Darlene and Johnnie were previously married. However, their marriage was terminated in 1992 through a Judgment Entry/Decree of Divorce filed in the Allen County Court of Common Pleas. As part of the decree, the parties adopted a Separation Agreement that divided the parties' assets. Relevant to this appeal, Darlene was awarded the couples' home at 710 Black Drive in Lima, Ohio. Johnnie agreed to pay 60% of the remaining $55,093.57 balance on the mortgage on the property located at 710 Black Drive. Although Johnnie became liable for 60% of the balance on the property he was permitted to pay it off in installments; he could continue to make installment payments as provided in the terms of the mortgage even if Darlene chose to sell the property. Thereafter, Johnnie began making the monthly payments, and continued to make such payments after Darlene sold the property in July 2000.
 {¶ 3} On the other hand, Johnnie was awarded four parcels of property, also located in Lima, Ohio. Johnnie took the four parcels he received under the Separation Agreement "free and clear," and Darlene incurred no responsibility for any of the mortgage payments on those properties. Johnnie was later diagnosed with terminal cancer, and shortly before his death in February 2004 Johnnie transferred ownership of the four parcels to himself and his brother Jerry by joint tenancy with rights of survivorship.
 {¶ 4} Darlene filed an action against Jerry Washington ostensibly in her individual capacity and in her capacity as administrator of Johnnie Washington's estate. She claims in her complaint that Johnnie's transfers of the four properties "were made without consideration for value and with the intent to hinder, delay and defraud Plaintiff and other creditors * * *." Darlene is one of Johnnie's creditors in her individual capacity, because at the time of his death, Johnnie still owed her the sum of $24,085.38 for the remaining balance on his 60% obligation on the mortgage. She claims that the real estate transfer was fraudulent, and that the remaining assets in the estate are insufficient to pay the debts owed to her and the other creditors.
 {¶ 5} The case was disposed of in the trial court pursuant to the court's grant of summary judgment to Jerry, whereby the court found that Darlene had failed to submit evidence to establish sufficient indicia of fraud, and therefore there were no genuine issues of material fact. Darlene now appeals, asserting two assignments of error.
 I The trial court erred in granting defendant/appellee leave toamend his answer to the complaint.
 {¶ 6} In the first assignment of error, Darlene contends that the trial court erred in permitting Washington to amend his answer to the complaint after Darlene had filed a motion for summary judgment and after the deadline for filing summary judgment motions had passed.
 {¶ 7} Civ.R. 15(A) allows a party to amend a responsive pleading after twenty-days have past only by obtaining leave of court. However, the rule also provides that "[l]eave of court shall be freely given when justice so requires." Civ.R. 15(A). The decision of whether to grant a motion for leave to amend a pleading is within the discretion of the trial court. Turner v.Cent. Local School Dist. (1999), 85 Ohio St.3d 95, 99,706 N.E.2d 1261. An abuse of discretion implies that the trial court's attitude is arbitrary, unreasonable or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 8} Moreover, Civ.R. 15(A) favors a liberal amendment policy and absent evidence of bad faith, undue delay or undue prejudice, a party's motion for leave to amend should be granted.Hoover v. Sumlin (1984), 12 Ohio St.3d 1, 5-6, 12 OBR 1, 4-6,465 N.E.2d 377, 380-381. "Prejudice to an opposing party is the most critical factor to be considered in determining whether to grant leave to amend." Simmons v. Am. Pacific Ent., L.L.C.,
10th Dist. No. 05AP-474, 2005-Ohio-6957, ¶ 9 (citations omitted).
 {¶ 9} In the instant case, the trial court, in the interests of justice, allowed Jerry to amend his answer because he had mistakenly admitted one of the central issues in the case — that the transfer was made without consideration and with the intent to hinder, delay and defraud Johnnie's creditors. Darlene does not argue before this Court that granting leave to amend prejudiced her rights. Moreover, Darlene has not presented any evidence of prejudice, and therefore we conclude that granting leave to amend the answer did not impair Darlene's legal rights.
 {¶ 10} Instead, Darlene asserts that the motion to amend was brought "simply for the purpose of delaying or avoiding the ruling on the Motion for Summary Judgment which was pending before the court at that time." We find that Darlene has failed to establish bad faith or undue delay by Jerry in filing the motion to amend. First, had the trial court accepted this admission without allowing Jerry to amend his pleading, the central issue of the proceedings would have been established.Rhoden v. Akron (1988), 61 Ohio App.3d 725. In order to successfully defend against Darlene's claims, he would necessarily have to amend his answer. Moreover, it seems apparent that this was a mistaken admission. In his motion to amend his answer, Jerry Washington contends that his intention was to admit a portion of the allegation in paragraph six of the complaint — that the transfer was a joint survivorship deed — and not the remaining allegations made in that paragraph. Thus, there is no evidence of bad faith on Jerry's part in moving for leave to amend his answer; his desire to amend his answer was entirely legitimate under the circumstances of this case.
 {¶ 11} Second, there is no evidence of undue delay. The motion to amend the answer was filed one week after Darlene's motion for summary judgment, a motion which specifically addressed the admission. The motion for summary judgment clearly presented the defendant with his error, and he timely filed a request to amend his answer. Therefore, there was no unjust delay.
 {¶ 12} Accordingly, there is no evidence of prejudice, undue delay, or bad faith. In light of the policy in favor of allowing liberal amendment to answers, we find that the trial court did not err in allowing Jerry Washington to amend his answer pursuant to Civ.R. 15. Appellant's first assignment of error is overruled.
 II The trial court erred in finding that plaintiff/appellantwaived any interest or property right in the estate of JohnnieWashington and that defendant/appellee was entitled to judgmentas a matter of law.
 {¶ 13} In this assignment of error, Darlene claims that the trial court erred in granting Jerry summary judgment because there were genuine issues of material fact raised pertaining to the validity of the real estate transfer. She also argues that the trial court failed to consider the fact that she brought her claim both as an individual creditor and as administrator of Johnnie's estate. In its judgment entry, the trial court granted summary judgment in favor of Jerry because through certain provisions in the divorce decree Darlene had waived any claim to the properties; the entry did not address her claims brought as the administrator of the estate.
 {¶ 14} Therefore, we must initially address the issue of whether the claims brought by the administrator of the estate should have been considered by the trial court. Darlene claims, in her position as administrator, that Johnnie's assets were insufficient to pay his debts, and she seeks to have the transfers of the real estate properties to Jerry set aside and have the properties included in the estate. To that extent, she has brought an action in her capacity of administrator of the estate seeking a declaration by the trial court setting aside the "fraudulent transfers." Such an action was not properly before the trial court because the probate court has exclusive jurisdiction over such an action.
 {¶ 15} The probate court is a court of limited jurisdiction, and therefore it can only exercise jurisdiction when authority is expressly construed by statute. See Dumas v. Estate of Dumas
(1994), 68 Ohio St.3d 405, 408, 627 N.E.2d 978 (citing Saxton v.Seiblerling (1891), 48 Ohio St. 554, 558-59). The jurisdiction of the court is specifically defined by R.C. 2101.24. Id. That section provides:
(A)(1) Except as otherwise provided by law, the probate courthas exclusive jurisdiction:
* * *
(c) To direct and control the conduct and settle the accountsof executors and administrators and order the distribution ofestates;
* * *
(1) To render declaratory judgments, including, but notlimited to, those rendered pursuant to section 2107.084 of theRevised Code;
* * *
(2) In addition to the exclusive jurisdiction conferred uponthe probate court by division (A)(1) of this section, the probatecourt shall have exclusive jurisdiction over a particular subjectmatter if both of the following apply:
 (a) Another section of the Revised Code expressly confersjurisdiction over that subject matter upon the probate court.
 (b) No section of the Revised Code expressly confersjurisdiction over that subject matter upon any other court ofagency.
R.C. 2101.24 (emphasis added). Additionally, R.C. 2721.05
provides:
Any person interested as or through an * * * administrator * * *in the * * * estate of a decedent * * * may have a declarationof rights or legal relations in respect thereto in any of thefollowing cases:
* * *
(C) To determine any question arising out of theadministration of the estate or trust * * *."
Thus, taken together these sections give the probate court exclusive jurisdiction over declaratory actions brought "to determine any question arising out of the administration of the estate." Moreover, the probate court has exclusive jurisdiction over actions falling under a section such as R.C. 2721.05 that give jurisdiction to the probate court where the Revised Code does not confer jurisdiction to another court. Finally, Ohio courts have found that "one responsible for the administration of an estate" may bring a declaratory judgment action in the probate court to determine the validity of transfers of property that would revert back to the estate if the transfers were to be found invalid. Bobko v. Sagen (1989), 61 Ohio App.3d 397, 406-07,572 N.E.2d 823; see also State ex re. Lipinski et al., v. CuyahogaCounty Common Pleas Court (1995), 74 Ohio St.3d 19, 22,655 N.E.2d 1303.
 {¶ 16} In the instant case, Darlene has couched her claim as being brought under the Uniform Fraudulent Transfer Act ("UFTA"), R.C. 1336.01 et seq., but in essence the action brought in her capacity as administrator is to have the trial court declare that the real estate transfer to Jerry was invalid, thus having the properties in question revert back to the estate. These properties were solely owned by Johnnie prior to the transfer, and therefore they would have reverted back his estate if the transfers were declared invalid. Accordingly, the probate court had exclusive jurisdiction over the subject matter of that action, and the action should have been filed in the case pending before the probate court.
 {¶ 17} The remaining issue is whether the trial court properly granted summary judgment in favor of Jerry on the claims brought by Darlene in her capacity as an individual creditor of the estate. This aspect of the complaint, though it is also brought under the UFTA, essentially seeks to have the transfer declared void as to her so that she can recover against the estate on her damage claim of $24,085.38; without these properties the value of the estate is approximately $6,000.00. Thus, the individual action is essentially an allegation that Johnnie fraudulently transferred assets "with the intent to deprive her of her rights," and "her primary aim is still recovery of monetary damages for the alleged fraud." Dumas,68 Ohio St.3d at 408. Such an action is "solely within the jurisdiction of the general division of the court of common pleas." Id.
 {¶ 18} The standard of review for a grant of summary judgment is de novo. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Thus, we will affirm a grant of summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, summary judgment is not proper unless reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Id.; see Zivishv. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-70. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 345, 360.
 {¶ 19} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." Mitzeff v. Wheeler (1988), 38 Ohio St.3d 112. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the nonmoving party to produce evidence on any issue which that party bears the burden of production at trial. See Civ.R 56(E).
 {¶ 20} Summary judgment was proper in the case because Darlene has waived her right to assert any interest in these properties in the divorce decree. Thus, even if Darlene could establish that the transfer was fraudulent, the divorce decree precludes her from asserting her claim to attack the transfer of the properties. While it is true that "a decedent's obligations under [a] separation agreement and divorce decree are enforceable against his estate," Davis v. Davis (1970),24 Ohio Misc. 17, 26, 258 N.E.2d 277 (citing Hassaurek v. Markbreit
(1903) 68 Ohio St. 554, 67 N.E. 1066), a provision in a separation agreement stating that the agreement is a complete settlement of the rights between the parties and that it is binding on each other's estate is binding and enforceable. In reEstate of Hogrefe (1986), 30 Ohio App.3d 238, syllabus,507 N.E.2d 414.
 {¶ 21} The separation agreement between Darlene and Johnnie Washington, which was incorporated into their divorce decree, provides that Johnnie will take these properties "free and clear of any claims of [Darlene]." Moreover, the agreement provides:
This agreement shall be a full and complete settlement of allalimony and property rights between the parties. Except asherein otherwise provided, each of the parties hereto agreesthat the other may sell or dispose of his or her property bygift, deed, Last Will and Testament, or otherwise, and that eachshall be barred from any and all claims or rights of dower(either inchoate or vested), year's support, right to live in themansion house, distributive share or intestate share of the otherparty's estate, from any and all claims or rights as widow,widower, heir, distributee, survivor, or next of kin, and any andall other claims, demands, rights, interests, and allowanceswhatsoever in and to the property of the other now owned orhereafter acquired, or estate of the other party, all of whichclaims, demands, rights, interests and allowances each partyhereby releases and discharges.
(emphasis added). Darlene is not merely asserting a claim against the estate in this action. Rather, she is attempting to directly attach parcels of property to the estate after she has specifically waived any interest in those properties. The language quoted above illustrates that Darlene has waived any interest in the estate, and specifically in the properties in question, in the divorce decree. This waiver is binding, and she cannot now assert a claim against these properties.
 {¶ 22} Based on the foregoing, we find that reasonable minds can come only to a decision that is adverse to Darlene. Due to her waiver of any interest in the real estate properties at issue, there is no genuine issue of material fact and Jerry Washington is entitled to judgment as a matter of law. Accordingly, the second assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Bryant, P.J. and Cupp, J., concur.