SPITZER et al., Appellees and Cross–Appellants,

v.

JACKSON, Appellant and Cross–Appellee.

[Cite as *Spitzer v. Jackson* (1994), 96 Ohio App.3d 313.]

Court of Appeals of Ohio,
Montgomery County.

No. 14385.

Decided Aug. 3, 1994.

*Robert Eilerman,* for appellees and cross-appellants.

*Alex DeMarco* and *Edward J. Duffy, Jr.,* for appellant and cross-appellee.

---

FAIN, Judge.

Defendant-appellant, Delores F. Jackson, appeals from a judgment of the Montgomery County Probate Court holding her accountable to the estate of Myriam V. Stover, deceased, for assets totalling in value $75,535.23. Plaintiffs-appellees have cross-appealed, contending that based upon the facts found by the trial court, Jackson should have been held to account for a total of $170,000 for assets belonging to the estate. For the reasons that follow, we find Jackson's appeal to be without merit, but find the cross-appeal to be meritorious. Accordingly, the judgment of the trial court is *modified* to increase the amount for which Jackson shall be held accountable to $170,000, and, as so modified, the judgment is *affirmed.*

I

In late 1985 or early 1986, Myriam Stover was admitted to St. Elizabeth Medical Center in Dayton for stomach surgery. It became clear that she could not return home, and would be required to enter a nursing home. On January 7, 1986, while still in the hospital, Stover executed a general power of attorney in favor of her niece, Delores F. Jackson, the defendant-appellant. In February 1986, Stover entered the Franklin Nursing Center in Vandalia, where she remained until her death on January 27, 1990.

During the period from January 1986 through January 1990, Jackson, acting under the general power of attorney, handled all of Stover's affairs, including receiving and banking income, filing tax returns, and paying Stover's bills.

The trial court found from the evidence and exhibits in this case that in 1986 Stover had assets in the form of cash on deposit with several financial institutions totalling $179,396.87. Stover also owned a small home, which was sold in May 1986, for net proceeds of $20,891.

The trial court further found that Stover had income during the same period totaling $68,983. This income, together with the assets owned by Stover at the beginning of the period, totalled $269,271.97.

The trial court further found from the evidence that Stover's "total basic expenses" for the four-year period from January 1986 to January 1990 were about $90,000.

At Stover's death, Jackson became executor of the estate pursuant to Stover's will.

The only asset in Stover's possession at the time of her death was a certificate of deposit at Gem Savings in the amount of $27,580.12, but this certificate of deposit was subsequently paid to Jackson.

The trial court specifically found that: "After rest home bills, pharmacy bills, federal and state taxes and funeral bill was [*sic*] paid, there was some One Hundred Seventy Thousand Dollars ($170,000.00) of Mrs. Stover's assets that were unaccounted for." The trial court further found that:

"Mrs. Jackson's explanation of her expenditures has been unsatisfactory. It is obvious to the Court that she has treated these funds as her own and has spent the greater part of them on herself and her family in a careless and reckless manner.

" * * *

"If the Court considers only those expenditures listed on Pages 5, 6 and 7 of this decision, which amounts to Seventy–Five Thousand Five Hundred Thirty–Five Dollars and Twenty–Three Cents ($75,535.23) and which Mrs. Jackson has failed to explain, account for or justify, there remains another Ninety–Five Thousand Dollars ($95,000.00) not accounted for. It is impossible to believe that this was spent on Mrs. Stover, who was confined to a rest home with all of her expenses paid.

" * * *

"The Court heretofore found that Delores F. Jackson was in a position of trust and confidence with Myriam Stover. Under these circumstances, there is a presumption of invalidity of any gifts and the law requires that the recipient of an *inter vivos* gift prove by clear and convincing evidence that the gift was made. *In re Fife's Estate* (1956), 164 Ohio St. 449 [58 O.O. 293, 132 N.E.2d 185].

" * * *

"It is the FINDING of this Court that Delores F. Jackson has concealed, hidden, and withheld assets belonging to the Estate of Myriam V. Stover in the amount of Seventy–Five Thousand Five Hundred Thirty–Five Dollars and Twenty–Three Cents ($75,535.23) and judgment is hereby rendered against her in that amount plus costs of this action."

From the above-quoted judgment, both parties have appealed. Jackson contends that the probate court was without jurisdiction to award judgment with respect to assets not owned by the decedent at the time of her death. Cross-appellants contend that the facts found by the court require an award of $170,000.

## II

Jackson's sole assignment of error is as follows:

"The trial court erred in finding for plaintiff-appellee because the probate court lacked jurisdiction.

"A) In considering assets of an estate a court must look at the property at the time of death, not property that existed 5 years before the demise of the decedent."

■ Jackson relies upon *Harpster v. Castle* (June 28, 1993), Ashland App. No. 1022, unreported, 1993 WL 274296, for the proposition that a probate court is without jurisdiction to entertain a suit brought by the estate against an individual based upon assets that were not owned by the decedent at the time of death. The court in that case characterized the cause of action as one seeking recovery of damages for breach of fiduciary duty and fraud relating to transactions pursuant to a power of attorney that occurred eight or nine years before decedent's demise. The court affirmed the probate court's determination that it lacked jurisdiction over that claim.

We are not persuaded that the court of appeals in *Harpster* correctly characterized the cause of action in that case as being one for damages for breach of fiduciary duty and for fraud. However, we agree that a cause of action for damages for fraud is not within the jurisdiction of the probate courts. *Alexander v. Compton* (1978), 57 Ohio App.2d 89, 11 O.O.3d 81, 385 N.E.2d 638, the case relied upon in *Harpster.*

In the case before us, paragraph four of the complaint contains the following statement:

"This action is filed by virtue of Ohio Revised Code § 2721.05 and seeks a determination that additional assets should be part of the probate estate of Myriam V. Stover, deceased."

The trial court found that Jackson could not account for assets totalling $170,000 in value, and that she had failed to prove that any portion of these assets constituted gifts to her or to her husband. Accordingly, the trial court was entitled to find, as it did, that these assets, or the proceeds thereof, remained the property of the decedent at her death and were recoverable by the estate. *Eger v. Eger* (1974), 39 Ohio App.2d 14, 68 O.O.2d 150, 314 N.E.2d 394. The case before us is a case of return of wrongfully withheld assets, not a damages for fraud case.

Jackson's sole assignment of error is overruled.

## III

Plaintiffs-appellees' sole cross-assignment of error is as follows:

"The trial court erred in failing to award damages to the appellees/cross-appellants and the estate of Myriam Stover in the amount of $170,000."

■ Cross-appellants rely upon the trial court's finding that Jackson was unable to account for assets of the decedent totalling $170,000 in value. The trial court also found that Jackson had failed to prove that any part of these assets constituted gifts to her or to her husband. Accordingly, cross-appellants contend that the judgment against Jackson should have been in the amount of $170,000 rather than in the amount of $75,535.23. We agree.

In view of the trial court's findings of fact, we can see no reason not to hold Jackson accountable for the full $170,000 worth of assets belonging to the decedent to which Jackson had access, and for which she cannot satisfactorily account. Accordingly, the cross-appellant's sole assignment of error is sustained.

## IV

Jackson's sole assignment of error having been overruled and the cross-appellant's sole assignment of error having been sustained, the judgment of the trial court is modified by increasing the amount of the judgment from $75,535.23 to $170,000. As modified, the judgment of the trial court is affirmed.

*Judgment affirmed*
*as modified.*

GRADY, P.J., and KERNS, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.