**SAYER, Admr., Appellant,**

v.

**EPLER et al., Appellees.**

[Cite as *Sayer v. Epler* (1997), 121 Ohio App.3d 329.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 96 CA 105.

Decided July 21, 1997.

*Glenn F. Alban,* for appellant.

*Morrison & Bindley* and *David C. Morrison,* for appellees.

---

JOHN W. WISE, Judge.

This appeal is from the Licking County Court of Common Pleas, Probate Division, regarding the estate of Mary C. Burton, who died on February 26, 1994, in Covington, Louisiana. Appellee Judith Epler had moved the decedent to Louisiana on December 3, 1993, less than three months prior to her death. Appellee filed a probate proceeding in St. Tammany Parish, in Covington, Louisiana, on July 20, 1994. She did not serve notice. Appellee filed a "Detailed Descriptive List of Property" with the probate court, in which she indicated the decedent had only $7,348.25 worth of personal property.

Appellant Douglas Sayer ("Sayer"), the decedent's grandson, objected to the estate being administered in Louisiana. On April 2, 1996, the probate court conducted a hearing and determined that it did not have jurisdiction over this matter because the decedent had been domiciled in Ohio.

Sayer opened an estate on behalf of the decedent in Licking County in 1994. Sayer also filed a complaint on December 15, 1994 against appellees Judith and Don Juan Epler, claiming that they had unlawfully transferred and are now concealing real estate located in Licking County. Sayer amended this complaint on March 15, 1995. The amended complaint contains two counts: the first count styled "Concealment Action" and the second count styled "Declaratory Judgment Action."

Sayer argues that pursuant to the decedent's last will and testament, her assets were to be distributed to appellee Judith Epler and her three surviving sons, Sayer, Michael Sayer and Quentin Sayer. However, following the decedent's death, appellee informed her sons that their grandmother had no assets when she died and that they would receive nothing. Appellee stated that the decedent had given her the house and real estate located in Pataskala, Licking County, as a gift.

Appellant contends that six months prior to his grandmother's death, she owned a home worth $130,000, free and clear, $72,000 worth of American Electric Power stock, and other assets yet to be discovered. Prior to her death, appellee Judith Epler had a power of attorney over the decedent, from 1988 until 1990, when it was revoked by the decedent. Appellee Judith Epler again obtained another power of attorney over the decedent in May 1991, which remained in effect until the decedent's death.

Appellees sought to have Sayer's complaint in Licking County dismissed. On June 3, 1996, in case No. 94–803, the trial court filed an order and entry finding that the decedent had been domiciled in Licking County and that the probate court had subject matter jurisdiction to probate her estate. On July 11, 1996, the probate court filed a document entitled "Order," which granted appellees' motion to dismiss Sayer's complaint. Sayer appeals the trial court's dismissal of his complaint and sets forth the following assignments of error:

"I. The probate court erred by dismissing Count Two of the plaintiff-appellant's first amended complaint based upon lack of subject matter jurisdiction of the probate court as said ruling is contrary to law.

"II. The probate court erred when it mischaracterized Count Two of plaintiff-appellant's amended complaint as strictly a claim for money damages resulting from fraud.

"III. The probate court has mischaracterized Count Two of plaintiff-appellant's complaint when it held that this cause of action does not relate to property titled in the decedent's name at the time of the decedent's death.

"IV. The probate court erred when it held that a declaratory judgment would merely be advisory and not end the controversy if it determined that a deed was invalid.

"V. The probate court erred when it determined that because resolution of the controversy depends on the determination of facts this case is not within the spirit of Declaratory Judgment Act.

"VI. The probate court erred by mischaracterizing plaintiff-appellant's Count One as strictly a § 2109.50 cause of action.

"VII.  The probate court erred when it dismissed Count One due to lack of subject matter jurisdiction of the court.

"VIII.  The probate court erred when it mischaracterized and strictly limited Count One as a fraud/damages case."

I

Sayer argues, in his first assignment of error, that the probate court erred when it dismissed his amended complaint based upon lack of subject-matter jurisdiction.  We agree, based upon statutes and case law.

R.C. 2101.24 defines the jurisdiction of the probate court and provides as follows:

"(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:

" * * *

"(c) To direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates;

" * * *

"(l) To direct and control the conduct of fiduciaries and settle their accounts."

Further, R.C. 2101.24(C) provides:

"The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."

Based upon the above statutes, we find that the probate court has subject-matter jurisdiction.  This conclusion is supported by the Ohio Supreme Court's decision in *In re Morrison's Estate* (1953), 159 Ohio St. 285, 50 O.O. 291, 112 N.E.2d 13, syllabus, wherein the court held:

"By the Constitution and statutory enactments, the Probate Court is invested with the power and jurisdiction to adjudicate a matter relating to the title to and status of personal property, where, during the administration of a decedent's estate in such court, decedent's widow files her petition asking for a declaration that certain personal property is an asset of the estate and must be administered as such, as against the claim that such property was effectually disposed of by the decedent during his lifetime through a written declaration of trust."

Count Two of Sayer's amended complaint asks the trial court for a declaratory judgment to determine whether certain assets, now owned by appellee, should be included in the estate.  We find that the probate court has subject-matter

jurisdiction over declaratory judgments. R.C. 2101.24(A)(1)(k) specifically permits a probate court to render declaratory judgments.

R.C. 2721.05, the statute addressing declaratory judgments, also provides:

"Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto in any of the following cases:

" * * *

"(C) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

These statutes, taken together, allow one responsible for the administration of an estate or personally interested in the administration of an estate to bring a declaratory judgment action in the probate court to have written instruments potentially affecting the rights and property which are the subject of an estate considered. *Corron v. Corron* (1988), 40 Ohio St.3d 75, 78, 531 N.E.2d 708, 711.

The court in *Corron* also explained that in determining whether a declaratory judgment action may be brought in the probate court to determine the validity of *inter vivos* transfers, the underlying question is whether the property transferred is related to the administration of an estate. *Id.* at 79, 531 N.E.2d at 712. Since the property at issue in the case *sub judice* would revert to the estate if the transfers are found to be invalid, the validity of the transfers is related to the administration of the estate.

■ As to Sayer's first claim in his complaint, styled "Concealment Action," we find the trial court also has subject-matter jurisdiction to address this matter. R.C. 2101.24(A)(1)(*l*) permits the probate court "[t]o direct and control the conduct of fiduciaries and settle their accounts." We hold that as a fiduciary of the decedent, due to the power of attorney appellee had over the decedent, she can be ordered by the probate court to account for the decedent's assets.

Thus, the probate court has subject matter jurisdiction over Sayer's claims contained in his amended complaint.

Sayer's first assignment of error is sustained.

## II

■ Sayer contends in his second assignment of error that the trial court erred when it characterized Count Two of his amended complaint as strictly a claim for money damages resulting from fraud. We agree.

Count Two of Sayer's complaint does not merely set forth a claim for fraud and money damages. Count Two seeks, in addition to damages for fraud, a declaration that the real estate located at 5447 Watkins Road is a part of the decedent's estate, that appellee has already taken more than her one-quarter interest in the decedent's property, and that appellee not be permitted to share in the assets of the decedent's estate according to the will, and appointment of a receiver to collect rent, and order appellees to account for all activities conducted under the general power of attorney from 1982 until present.

Fraud is merely one theory contained in the complaint. Pursuant to Civ.R. 8(E)(2), which permits notice pleading, Sayer's other possible theories and remedies remain, even though the probate court cannot address the fraud claim.

This conclusion is consistent with *Spitzer v. Jackson* (1994), 96 Ohio App.3d 313, 644 N.E.2d 1122, wherein the court noted in Headnote 1:

"Probate court had jurisdiction over action by decedent's estate to recover assets allegedly wrongfully withheld from estate by executrix under statute providing for special proceedings to determine whether an asset belongs in the estate of the decedent; although Probate Court does not have jurisdiction over fraud cases, estate's action was for return of wrongfully held assets, not for damages for fraud." *Id.* at 313, 313, 644 N.E.2d at 1122, 1122.

Therefore, we find that all of the theories of relief contained in Sayer's second claim for relief, except those for fraud and money damages, are properly before the probate court.

Sayer's second assignment of error is sustained.

### III

Sayer maintains, in his third assignment of error, that the probate court mischaracterized Count Two of his complaint when it held that this cause of action does not relate to property titled in the decedent's name at the time of the decedent's death. We agree.

As noted in Sayer's first assignment of error, the cause of action does relate to the property of the estate if the probate court determines that the transfers of real and personal property were invalid since the property would revert to the estate.

Sayer's third assignment of error is sustained.

### IV

Sayer contends, in the fourth assignment of error, that the probate court erred when it held that a declaratory judgment would be merely advisory and not end the controversy if it determined that a deed was invalid. We agree.

As explained in Sayer's first and third assignments of error, an order by the trial court that appellee return the assets to the estate would end the controversy in question as would a ruling that the assets are not part of the estate.

Sayer's fourth assignment of error is sustained.

## V

In his fifth assignment of error, Sayer contends that the probate court erred when it determined that because resolution of the controversy depends on the determination of facts this case is not within the · spirit of the Declaratory Judgment Act. We agree.

█ As noted in Sayer's first and third assignments of error, a declaratory judgment may be brought in the probate court to determine the validity of *inter vivos* transfers where the property transferred would revert to the estate if the transfers are invalidated. *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1995), 74 Ohio St.3d 19, 22, 655 N.E.2d 1303, 1306–1307; *Corron,* 40 Ohio St.3d at 79, 531 N.E.2d at 712. The fact that the trial court may have to determine certain facts does not take it outside the Declaratory Judgment Act.

Sayer's fifth assignment of error is sustained.

## VI

Sayer contends, in his sixth assignment of error, that the probate court erred when it mischaracterized Count One as strictly a cause of action pursuant to R.C. 2109.50. We agree.

We find that this is not the only claim set forth by Sayer in his first cause of action. As in Sayer's second assignment of error, we find Civ.R. 8(E)(2) applicable. Sayer further alleged that appellee had a power of attorney over the decedent and at one time was her fiduciary. Therefore, the probate court has authority, pursuant to R.C. 2101.24(A)(1)(*l*), to require an accounting.

Sayer's sixth assignment of error is sustained.

## VII

In his seventh assignment of error, Sayer maintains that the probate court erred when it dismissed Count One due to lack of subject-matter jurisdiction. We agree for the reasons stated in our discussion of the first assignment of error.

Sayer's seventh assignment of error is sustained.

## VIII

In his final assignment of error, Sayer contends that the probate court erred when it mischaracterized and strictly limited Count One as a fraud/damages case. We agree.

As discussed in our analysis of the second assignment of error, the complaint does not merely set forth a claim for fraud/damages. The claim also contains other allegations that the trial court may consider pursuant to Civ.R.8(E)(2).

Sayer's eighth assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, Licking County, Ohio, is hereby reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WILLIAM B. HOFFMAN, P.J., and FARMER, J., concur.