This is an appeal from the Vinton County Court of Common Pleas, Probate Division. Gay F. Johnson brought this action against Ernest Ray Johnson individually and as Executor of the Estate of Delilah Johnson. Gay Johnson's action contended that Delilah lacked testamentary capacity when she executed a will dated January 22, 1997. It was also contended that Ernest Johnson fraudulently induced Delilah to execute various documents in April and May of 1996, such as the revocation of a trust, transfers of property, etc. After a jury trial, the trial court entered judgment on the verdicts in favor of Gay on both claims.
Ernest Johnson takes this appeal setting forth two Assignments of Error.
First Assignment of Error:
 "The trial court lacked subject matter jurisdiction as to the fraud claim set forth in plaintiff's second cause of action, and therefore erred by not dismissing the fraud claim."
 Second Assignment of Error:
 "The Trial Court erred by overruling defendants' Motion Bifurcate the trial of the first cause of action (a will contest) and the second cause of action (a fraud claim)."
Delilah Johnson was the mother of two sons, Gay Johnson, the appellee, and Ernest Johnson, the appellant. In 1991, Delilah Johnson executed an inter vivos trust pertaining to her real property and some of her personal property. On April 6, 1996, the appellant, Ernest Johnson, presented documents to Delilah Johnson. The purpose of these documents was to transfer all her property out of the trust to Delilah Johnson, to grant a power of attorney to the appellant and to revoke the trust itself.
In May of 1996, Ernest Johnson, presented his mother with additional documents for her signature transferring all Delilah Johnson's real estate and over one hundred thousand dollars in bonds to Ernest Johnson.
On January 22, 1997, Delilah Johnson executed a document purporting to be her Last Will and Testament and naming Ernest as Executor. Delilah Johnson died on May 25, 1997. On June 26, 1997, the alleged will was presented and admitted to probate.
Shortly thereafter, on May 29, 1998, appellee filed his complaint. The complaint set forth basically two main causes of action. The first claim contested the validity of the January 22, 1997 will on the grounds of undue influence and lack of testamentary capacity. The second claim alleged that Ernest Johnson had fraudulently induced Delilah Johnson to execute the 1996 documents and sought to have these inter vivos transfers set aside.
Ernest Johnson, the appellant, filed a Motion to Bifurcate and to have separate trials on the will contest claim and on the inter vivos transfer claims. The motion to bifurcate was denied and both claims were tried jointly. A trial to a jury resulted in verdicts in favor of the appellee, i.e. that the document of January 22, 1997 was not the Last Will and Testament of Delilah Johnson, and that she had been fraudulently induced to execute the 1996 documents. The inter vivos transfers were canceled and the real estate was ordered reconveyed into the name of the Delilah Johnson Family Trust and personal property was ordered transferred to the name of the Delilah Johnson Family Trust.
Our decision on the first Assignment of Error will determine to some extent the decision on the second Assignment of Error because if the court lacked jurisdiction then clearly both issues should not have been tried together.
Ohio R.C. Section 2101.24 provides, in relevant part, that:
 "(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction: (a) to take the proof of wills . . . (k) to construe wills . . . (m) to direct and control the conduct of fiduciaries and settle their accounts . . . (p) to hear and determine actions to contest the validity of wills.
 "(B)(1)[t]he probate court has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas to issue writs and orders, and to hear and determine actions as follows: . . . (b) any action that involves an inter vivos trust . ..
 "(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."
The theory of appellant's first assignment of error is that the trial court lacked subject matter jurisdiction as to the fraud claim, but that claim confuses the distinction between the tort of fraud and other claims based on fraudulent conduct. Clearly the Probate Court would have no jurisdiction to hear a tort fraud claim and Gay Johnson would probably not have standing to raise a claim for a fraud perpetrated on another person, but Probate Court does have the power to deal with fraudulent conduct as it relates to estates.
In Dumas v. Estate of Dumas (1994), 68 Ohio St.3d 405, the Ohio Supreme Court quoting Schucker v. Metcalf (1986), 22 Ohio St.3d 33, held, "that pursuant to R.C. 2101.24, the probate division has no jurisdiction over claims for money damages arising from allegations of fraud." ' In Dumas, the court found that,
 "Even though . . . she seeks an order . . . which order, if granted, may affect the . . . estate . . . her primary aim is still the recovery of monetary damages for the alleged fraud."
In this case, however, the claim was not for monetary damages but rather for the return of substantial assets to the estate, and the Probate Court does have jurisdiction to recover assets wrongfully withheld from an estate even if they are withheld as a result of fraud.
A case directly on point with this case is Spitzer v. Jackson
(1994), 96 Ohio App.3d 313. There, Defendant Jackson, who had her aunt's power of attorney, was unable to account for some $170,000 in assets at the time of death. The Montgomery County Probate Court found she had fraudulently diverted the funds to her own use. On appeal, the sole assignment of error was that the Probate Court lacked jurisdiction. The Second District Court of Appeals held that a cause of action for damages for fraud is not within the jurisdiction of the Probate Court. But the court went on to find that, at p. 316
 "Accordingly, the trial court was entitled to find, as it did that these assets, or the proceeds thereof, remained the property of the decedent at her death and were recoverable by the estate.
 Citation omitted. The case before us is a case of return of wrongfully withheld assets, not a damages for fraud case".
The issue in this case is quite similar to Spitzer. The question is not whether Ernest Johnson is liable in fraud for damages but whether the documents and conveyances were fraudulently induced so as to render them invalid and to cause the property to remain as estate assets. We find the Vinton County Probate Court had jurisdiction to decide that question.
Assignment of Error one is not well taken and is overruled.
Our decision in Assignment of Error One essentially determines our decision in Assignment of Error Two. Appellant claims that the trial court erred by overruling defendants' Motion to Bifurcate because the first cause of action was a will contest and the second cause of action was a fraud claim. We have held that it was not.
Under Ohio Rule of Civil Procedure 42 (B) the trial court has discretionary power to order separate trials, when, "after a hearing, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy may order a separate trial of any claim . . .". The trial court's decision to not grant the appellant's Motion to Bifurcate is discretionary and will not be disturbed unless there has been abuse of discretion, a party must show that the trial court's decision was arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. As noted by the trial court in its decision on the motion, both issues would rely on virtually the same witnesses, the same depositions, and the same facts. The court also noted that both parties would benefit from one presentation of the evidence and neither party would be prejudiced by it. We note that appellant has not asserted how he might have been prejudiced by one trial in this case. The trial court's decision was not arbitrary, unreasonable or unconscionable and the appellant has shown no abuse of discretion. Therefore, the appellant's second assignment of error is not well taken and is overruled. The trial court's decision is affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas, Probate Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. and Abele, J.: Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ Lawrence Grey, Judge*
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
* Lawrence Grey is a retired judge from the Fourth District Court of Appeals, sitting by assignment.