GRIMES et al., Appellants,

v.

GRIMES, Jr., Appellee.

[Cite as *Grimes v. Grimes,* 173 Ohio App.3d 537, 2007-Ohio-5653.]

Court of Appeals of Ohio,
Fourth District, Washington County.

Nos. 06CA56 and 06CA73.

Decided Oct. 19, 2007.

538

Theisen Brock, James S. Huggins, and Ethan T. Vessels; and Richard A. Yoss, for appellant Lewis F. Grimes.

Steven L. Story, for appellee.

---

KLINE, Judge.

{¶ 1} Lewis F. Grimes (hereinafter, "Lewis"), individually and as the executor of the estate of John H. Grimes Sr. (hereinafter, "Senior"), appeals separate judgments in favor of John H. Grimes Jr. (hereinafter, "Junior") from different divisions of the Washington County Common Pleas Court, i.e., one judgment from the probate division and another judgment from the general division. On appeal, Lewis contends that the probate court erred when it failed to exercise its exclusive jurisdiction over his three claims that he asserted as executor of Senior's estate, which involved Senior's inter vivos transfers of real estate to Junior. Because the three claims were related to the administration of Senior's estate, we agree. Lewis further contends that the probate court erred when it found that the doctrine of res judicata barred his three claims. Because the summary judgment involving these same three claims in the general division was void ab initio, we agree. Lewis next contends that the trial court in the general division erred in granting summary judgment in favor of Junior for his individual "tortious interference with an expectancy of inheritance" claim. Because Lewis's individual claim was not ripe for consideration, we agree. Accordingly, we vacate the two judgments and remand these causes to the trial courts for further proceedings consistent with this opinion.

I

{¶ 2} Senior had two sons, Lewis and Junior. A couple of months before he died, Senior executed several deeds transferring certain real estate properties to Junior. No money exchanged hands.

{¶ 3} Lewis was named the executor of his father's estate in the probate division of the common pleas court. Senior's will left his entire estate to his two sons.

{¶ 4} Lewis, individually and as executor of his father's estate, filed a complaint against Junior involving four claims in the general division of the common pleas court.

{¶ 5} In three of the four claims, Lewis, as executor, alleged that at the time of the real estate transfers, Junior had a confidential relationship with Senior. He further alleged that Senior (1) had a deteriorated mental condition; (2) was dependent on Junior for advice; (3) was in poor health; (4) was physically

incapacitated; (5) was susceptible to undue influence; and (6) was of advanced age. He claimed that Junior took advantage of Senior's conditions and preyed upon his incompetence in obtaining the transfer of the real estate. He alleged that the deeds were recorded after Senior's death, and thus, the property described in the deeds vested in Senior's beneficiaries at the time of his death. In addition, he alleged that the deeds were void for failure of delivery and acceptance. He demanded that the court declare the deeds void and requested the court to declare that Junior held the properties in trust for Senior's estate.

{¶ 6} In the remaining claim, Lewis, individually, alleged that Junior had intentionally interfered with his expected inheritance.

{¶ 7} Junior moved for summary judgment on all four claims. In addition, he moved to dismiss the three claims Lewis filed in his capacity as executor, i.e., claims one, three, and four. He asserted that the general division lacked subject-matter jurisdiction over these declaratory judgment claims and that the probate court held exclusive jurisdiction.

{¶ 8} Lewis, as executor, did not contest Junior's motion to dismiss. Instead, he agreed that the probate court had exclusive subject-matter jurisdiction over these three claims. He consented to a dismissal of his three declaratory judgment claims pursuant to Civ.R. 41(B)(4)(a).[1] He stated that he would file a complaint in the probate court that restated those three claims. In addition, he asserted that his individual claim for intentional interference with an expected inheritance remained pending in the general division.

{¶ 9} The general division never ruled on the issue of whether it had subject-matter jurisdiction over the three declaratory judgment claims. However, Lewis, as executor, filed a complaint in the probate court asserting the same three claims. Junior then withdrew his motion to dismiss the three claims in the general division for lack of subject-matter jurisdiction and filed a motion to dismiss in the probate court on the grounds that the probate court lacked subject-matter jurisdiction over the three claims.

{¶ 10} The general division then granted Junior's motion for summary judgment on all four claims. Again, it did not address the issue of whether it had subject-matter jurisdiction.

{¶ 11} Junior proceeded to file another motion to dismiss in the probate court, this time on the grounds that the complaint was barred by collateral estoppel. Junior argued that the general division's grant of summary judgment in his favor on the same claims barred a re-litigation of those claims in the probate action.

---

1. Civ.R. 41(B)(4) reads: "Failure other than on the merits. A dismissal (a) for lack of jurisdiction over the person or the subject matter, or (b) for failure to join a party under Rule 19 or Rule 19.1 shall operate as a failure otherwise than on the merits."

The probate court found that it had concurrent jurisdiction with the general division and that the general division exercised its jurisdiction first. It granted Junior's motion to dismiss, stating, "Plaintiff is estopped by the doctrine of Res Judicata from bringing this action."

{¶ 12} Lewis, as executor, appeals the probate court's judgment and asserts the following two assignments of error: I. "The probate court erred in failing to exercise its exclusive jurisdiction." And II. "The probate court erred in holding that the general division's decision granting summary judgment against the plaintiff barred the plaintiff's claims in the probate division under the doctrine of res judicata."

{¶ 13} In addition, Lewis, individually and as executor, appeals the general division's summary judgment and asserts the following four assignments of error: I. "The trial court erred in failing to dismiss the action for lack of jurisdiction over the subject matter and under the doctrine of ripeness." II. "Assuming arguendo that the trial court had subject matter jurisdiction, it erred in failing to grant plaintiffs' motion for partial summary judgment as a matter of law." III. "Assuming arguendo that the trial court had subject matter jurisdiction, the trial court erred in granting defendant's motion for summary judgment." And IV. "Assuming arguendo that the trial court had subject matter jurisdiction, the trial court erred in granting defendant's motion for summary judgment on plaintiff's fourth claim of their first amended complaint."

## II

### Appeal from Probate Court—Case No. 06CA73

#### A

{¶ 14} Lewis, as executor of Senior's estate, contends in his first assignment of error that the probate court erred when it failed to exercise its exclusive jurisdiction over his three claims. We agree.

{¶ 15} A court possesses authority to determine its own jurisdiction over the parties and the subject matter absent a patent and unambiguous lack of jurisdiction. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110. "The existence of the trial court's subject-matter jurisdiction is a question of law." *Yazdani–Isfehani v. Yazdani–Isfehani,* 170 Ohio App.3d 1, 2006-Ohio-7105, 865 N.E.2d 924, ¶ 20. We review questions of law de novo. Id.

{¶ 16} Ohio probate courts are courts "of limited jurisdiction," and proceedings therein "are restricted to those actions permitted by statute and by the Constitution." *State ex rel. Lipinski v. Cuyahoga Cty. Common Pleas Court, Probate Div.* (1995), 74 Ohio St.3d 19, 22, 655 N.E.2d 1303; see, also, *Corron v.*

*Corron* (1988), 40 Ohio St.3d 75, 531 N.E.2d 708, at paragraph one of the syllabus. R.C. 2101.24(A)(1)(c) provides that "[e]xcept as otherwise provided by law, the probate court has exclusive jurisdiction * * * [t]o direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates * * *." Therefore, any matter "related to the administration of an estate and the distribution of its assets [is] within the exclusive jurisdiction of the probate court." *Mock v. Bowen* (July 17, 1992), Lucas App. No. L–91–210, 1992 WL 163959, citing R.C. 2101.24(A)(1)(c).

{¶ 17} R.C. 2101.24(A)(1)(*l*) gives the probate court exclusive jurisdiction "[t]o render declaratory judgments, including, but not limited to, those rendered pursuant to section 2107.084 of the Revised Code." R.C. 2721.05(C) provides that "[a]ny person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration * * * of the estate of a decedent * * * may have a declaration of rights or legal relations in respect thereto * * * [t]o determine any question arising in the administration of the estate * * * including questions of construction of wills and other writings." R.C. 2101.24 and 2721.05 "taken together * * * give the probate court exclusive jurisdiction over declaratory actions brought 'to determine any question arising out of the administration of the estate.'" *Lamar v. Washington,* Allen App. No. 1–05–54, 2006-Ohio-1414, 2006 WL 758632, ¶ 15. Probate courts are therefore vested "with jurisdiction over declaratory judgment actions upon questions relating to the administration of an estate." *Lipinski,* 74 Ohio St.3d at 22, 655 N.E.2d 1303;[2] see, also, *Sayer v. Epler* (1997), 121 Ohio App.3d 329, 333, 699 N.E.2d 1000.

{¶ 18} Hence, "a declaratory judgment action may be brought in the probate court to determine the validity of *inter vivos* transfers where the property transferred would revert to the estate if the transfers are invalidated." Id., citing *Bobko v. Sagen* (1989), 61 Ohio App.3d 397, 572 N.E.2d 823; see, also, *In re Estate of Morrison* (1953), 159 Ohio St. 285, 50 O.O. 291, 112 N.E.2d 13 (holding that matters "as to the title to and the status of certain personal property—whether it properly belongs to the estate and should be administered as a part thereof or whether the decedent effectually disposed of such property during his lifetime * * *" is "within the jurisdiction of the Probate Court and are determinable by that tribunal"); *Johnson v. Johnson* (June 25, 1999), Vinton App. No. 98CA519, 1999 WL 527753.

---

**2.** The court in *Lipinski* held that the vesting of such jurisdiction is derived from R.C. 2101.24(A)(1)(k), 2721.03, and 2721.05(C). *Lipinski,* 74 Ohio St.3d at 22, 655 N.E.2d 1303, citing *Zuendel v. Zuendel* (1992), 63 Ohio St.3d 733, 735–736, 590 N.E.2d 1260; *Wozniak v. Wozniak* (1993), 90 Ohio App.3d 400, 407–408, 629 N.E.2d 500.

{¶ 19} Therefore, "[i]n a case where an *administrator* of an estate questions the validity of certain *inter vivos* transfers that involve property which would revert to the estate if the transfers are found invalid, the action is related to the administration of the estate and is within the *exclusive* jurisdiction of the probate court." (Emphasis added.) *Mock*, Lucas App. No. L–91–210, 1992 WL 163959, citing *Bobko*, 61 Ohio App.3d at 406–407, 572 N.E.2d 823; see, also, *Lamar*, 2006-Ohio-1414, 2006 WL 758632, at ¶ 14 (stating that to the extent that an administrator brings an action "seeking a declaration by the trial court setting aside * * * 'fraudulent transfers[,]' [s]uch an action [is] not properly before the [general division of the common pleas court] because the probate court has exclusive jurisdiction over such an action").

{¶ 20} Here, Lewis, as executor of the estate of Senior, filed three claims in the probate court, seeking to have the trial court invalidate and rescind Senior's inter vivos deed transfers to Junior and for the court to declare that those properties are being held by Junior in constructive trust for the estate of Senior. Lewis, as executor, further alleges that Senior executed the deeds at a time when he was incompetent and that Junior exerted undue influence over Senior; that the property described in the deeds vested in the names of the beneficiaries at the time of Senior's death and before Junior's recording of the deeds; and that the deeds must fail for lack of delivery and acceptance. Because Lewis, as executor, alleges that Senior was the owner of the property immediately before the transfers to Junior, the property would revert to Senior's estate should the court declare the deeds invalid. Therefore, Lewis's three claims, as executor, are related to the administration of Senior's estate, and consequently, the probate court has exclusive jurisdiction over the action.

{¶ 21} Accordingly, we sustain the first assignment of error.

B

{¶ 22} Lewis, as executor, contends in his second assignment of error that the probate court erred when it determined that his action was barred by the doctrine of res judicata. He maintains that because the common pleas court lacked subject-matter jurisdiction, its judgment is void ab initio, and thus, the probate action cannot be barred by the doctrine of res judicata. Again, our review is de novo.

{¶ 23} "The doctrines of res judicata and collateral estoppel preclude relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." *Vectren Energy Delivery of Ohio, Inc. v. Pub. Util. Comm.*, 113 Ohio St.3d 180, 2006-Ohio-1386, 863 N.E.2d 599, ¶ 30. "In Ohio, the doctrine of *res judicata* is

inapplicable on a final judgment rendered by a state court lacking subject matter jurisdiction." *Manohar v. Massillon Community Hosp.* (1997), 122 Ohio App.3d 715, 718, 702 N.E.2d 937; see, also, 63 Ohio Jurisprudence 3d (1979) Judgments, Section 398, citing *State ex rel. Rose v. Ohio Dept. of Rehab. & Corr.* (2001), 91 Ohio St.3d 453, 746 N.E.2d 1103.

{¶ 24} "A judgment rendered by a court lacking subject matter jurisdiction is void *ab initio.*" *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus. Appellate courts have inherent power to vacate a judgment that is void ab initio, and it can be challenged at any time. *Patton*, 35 Ohio St.3d at 70, 518 N.E.2d 941; see, also, *Wandling v. Ohio Dept. of Transp.* (1992), 78 Ohio App.3d 368, 371, 604 N.E.2d 825; *Gahanna v. Jones–Williams* (1997), 117 Ohio App.3d 399, 404, 690 N.E.2d 928.

{¶ 25} Here, because the probate court had exclusive jurisdiction over Lewis's claims as executor of Senior's estate, the general division's grant of summary judgment on those claims is void ab initio. Thus, the general division's summary judgment does not bar Lewis's three claims, as executor, in the probate action.

{¶ 26} Accordingly, we sustain the second assignment of error.

## C

{¶ 27} In conclusion, we sustain both assignments of error, vacate the probate court's judgment, and remand this cause to the probate court for further proceedings consistent with this opinion.

## III

### Appeal from the General Division's Summary Judgment—Case No. 06CA56

#### A

{¶ 28} Lewis first contends in his first assignment of error that the general division lacked subject-matter jurisdiction to grant summary judgment on his three claims as executor of Senior's estate. As set forth above, the probate court had exclusive jurisdiction over the three claims, i.e., the first, third, and fourth claims.

{¶ 29} Lewis also asserts that the trial court erred when it granted summary judgment against him on his "tortious interference with an expectancy of inheritance" claim. He asserts that the court should have found that the claim was not ripe for review.

{¶ 30} Ohio courts do recognize the claim of tortious interference with an expectancy of inheritance. *Firestone v. Galbreath* (1993), 67 Ohio St.3d 87, 88,

616 N.E.2d 202. To prevail on such a claim, the plaintiff must prove "(1) an existence of an expectancy of inheritance in the plaintiff; (2) an intentional interference by a defendant(s) with that expectancy of inheritance; (3) conduct by the defendant involving the interference that is tortious, such as fraud, duress or undue influence, in nature; (4) a reasonable certainty that the expectancy of inheritance would have been realized, but for the interference by the defendant; and (5) damage resulting from the interference." Id.; see, also, *Roll v. Edwards,* 156 Ohio App.3d 227, 2004-Ohio-767, 805 N.E.2d 162, ¶ 23.

{¶ 31} Lewis cites *Roll* for the assertion that the general division should have dismissed this claim for lack of ripeness. "[A] claim for intentional interference with expectancy of inheritance may not be pursued if adequate relief is available to the plaintiff thorough probate procedures * * *." *Roll* at ¶ 28. Because "no single court has jurisdiction," if a probate action is unresolved while the tortious interference claim is before another court, "there is a risk * * * [of] double recovery—the inheritance they seek to reclaim * * * and money damages equal to the value of the inheritance in the tort action." Id. at ¶ 29.

{¶ 32} Until Lewis, as executor, resolves the declaratory judgment action in probate court, it is not certain whether he suffered damages as a result of Junior's alleged tortious interference. Thus, Lewis's individual claim for intentional interference with expectancy of inheritance "is not yet ripe" for judicial review. Id. at ¶ 31. Where a cause is not ripe for judicial review, a court has no jurisdiction to consider it. *Eagle Fireworks v. Ohio Dept. of Commerce, State Fire Marshal,* Washington App. No. 03CA28, 2004-Ohio-509, 2004 WL 232869, ¶ 12. Therefore, the general division had no jurisdiction to grant summary judgment in favor of Junior on Lewis's individual claim of tortious interference with expectancy of inheritance.

{¶ 33} Accordingly, we sustain Lewis's first assignment of error. We find his remaining assignments of error moot. See App.R. 12(A)(1)(c). We vacate the trial court's summary judgment in favor of Junior, and we remand this cause to the trial court with the instruction to dismiss this cause, without prejudice, pursuant to Civ.R. 41(B)(4)(a), i.e., "lack of jurisdiction over the person or the subject matter."

Judgments vacated
and cause remanded.

ABELE, J., concurs.

McFARLAND, P.J., concurs in judgment only.