RUSNAK et al.

v.

FLEMING.

2007-Ohio-6752.]

Court of Common Pleas of Ohio,
Probate Division, Trumbull County.

Nos. 2006 EST 1134 and 2007 CVA 0041.

Decided Nov. 1, 2007.

Robert M. Platt Jr., for plaintiffs.

Kandis Wilde Suhar, for Judith R. Fleming as executor.

David D. Daugherty, for Judith R. Fleming in her individual capacity.

---

THOMAS A. SWIFT, Judge.

{¶ 1} This matter came on to be heard on the complaint for concealment of assets and the motion to remove the fiduciary, Judith R. Fleming, to appoint an investigator, and to stay the closing of the estate. Appearing were Robert M. Platt Jr., David D. Daugherty, and Kandis Wilde Suhar.

{¶ 2} The court finds from the evidence presented that Mary E. Artman signed certificate-of-deposit signature cards at the Cortland Savings and Banking Company, changing the following accounts in her individual name to joint and survivorship accounts with Judith R. Fleming: account No. 005901 in the amount of $25,801.82, account No. 1005964 in the amount of $25,955.86, and account No. 005309 in the amount of $8,364.49. The court finds that Artman executed a durable power of attorney naming Fleming as her attorney in fact. The court further finds that Fleming as attorney in fact opened joint and survivorship certificate-of-deposit account No. 1006062 in the names of Mary E. Artman and Judith Fleming at the Cortland Savings and Banking Company in the amount of $47,046.19 with Artman's funds.

{¶ 3} A probate court is a court of limited jurisdiction and may entertain only actions that the General Assembly permits. *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 22 OBR 27, 488 N.E.2d 210. R.C. 2109.50 governs when assets are concealed or embezzled from an estate and provides: "Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate * * * against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall by citation * * * compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint."

{¶ 4} Proceedings under R.C. 2109.50 are quasi-criminal in nature. *In re Estate of Fife* (1956), 164 Ohio St. 449, 58 O.O. 293, 132 N.E.2d 185, paragraph one of the syllabus. The purpose of R.C. 2109.50 is not to furnish a substitute for

a civil action to recover judgment for money owing to an administrator or executor, but to provide a speedy and effective method for discovering assets belonging to the estate and to secure possession of them for the purpose of administration. *Goodrich v. Anderson* (1940), 136 Ohio St. 509, 17 O.O. 152, 26 N.E.2d 1016; *In re Black* (1945), 145 Ohio St. 405, 31 O.O. 31, 62 N.E.2d 90.

{¶ 5} R.C. 2101.24(B)(1)(b) provides: "The probate court has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas * * * to hear and determine * * * [a]ny action that involves * * * a power of attorney, including, but not limited to, a durable power of attorney * * *."

{¶ 6} R.C. 2101.24(C) further provides: "The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."

{¶ 7} In *Burns v. Daily* (1996), 114 Ohio App.3d 693, 702–703, 683 N.E.2d 1164, the Eleventh District Court of Appeals stated: "In order for an asset to belong to a probate estate, title to the asset must rest in the decedent upon her death. * * * If title to personal property resides in the decedent upon her death, title to that property passes over to the executor or administrator of the estate, * * * and the property can be properly considered 'probate property' subject to a discovery proceeding under R.C. 2109.50. * * * If, on the other hand, title does not reside in the decedent upon her death, but passed to a third party by *inter vivos* transaction or gift, then such property may not be included as an estate asset, and may not be retrieved by a summary proceeding in the probate court." Accord *Vogler v. Donley* (Dec. 16, 1998), Belmont App. No. 97 BA 63, 1998 WL 896466; *Harpster v. Castle* (June 28, 1993), Ashland App. No. CA 1022, 1993 WL 274296.

{¶ 8} In *Rudloff v. Efstathiadis*, Trumbull App. No. 2002–T–0119, 2003-Ohio-6686, 2003 WL 22931382, the Eleventh District Court of Appeals held that a probate court has jurisdiction over an action brought pursuant to R.C. 2109.50 to recover funds passed to a third party by inter vivos transaction when the validity of the underlying transaction is challenged. "[T]he inquiry under R.C. 2109.50 focuses on the ownership of the asset and whether possession of the asset is being impermissibly concealed or withheld from the estate. Thus, a plaintiff has stated an actionable cause under R.C. 2109.50 if he alleges that the asset is the exclusive property of the estate and that the defendant has unauthorized possession of the asset or in some way has impermissibly disposed of it." *Wozniak v. Wozniak* (1993), 90 Ohio App.3d 400, 407, 629 N.E.2d 500. See also *Burns*, 114 Ohio App.3d at 703, 683 N.E.2d 1164.

■ {¶ 9} The probate court has jurisdiction to entertain an action against an attorney in fact for concealed or embezzled assets when assets are withdrawn with a power of attorney. *Fox v. Stockmaster*, Seneca App. No. 13–01–35, 2002-Ohio-2824, 2002 WL 1299985. Accord *Spitzer v. Jackson* (1994), 96 Ohio App.3d 313, 644 N.E.2d 1122; *Guardianship of Vasko v. Brown*, Cuyahoga App. Nos. 82433, 82560, and 82780, 2003-Ohio-6858, 2003 WL 22966198.

{¶ 10} Joint and survivorship accounts are governed by *Wright v. Bloom* (1994), 69 Ohio St.3d 596, 635 N.E.2d 31. The Ohio Supreme Court held in *Wright* in paragraphs one and two of the syllabus as follows:

1. The survivorship rights under a joint and survivorship account of the co-party or co-parties to the sums remaining on deposit at the death of the depositor may not be defeated by extrinsic evidence that the decedent did not intend to create in such surviving party or parties a present interest in the account during the decedent's lifetime.

2. The opening of a joint and survivorship account in the absence of fraud, duress, undue influence or lack of capacity on the part of the decedent is conclusive evidence of his or her intention to transfer to the surviving party or parties a survivorship interest in the balance remaining in the account at his or her death. (*In re Estate of Thompson* [1981], 66 Ohio St.2d 433, 20 O.O.3d 371, 423 N.E.2d 90, paragraph two of the syllabus, overruled.)

■ {¶ 11} When funds are transferred into accounts under a power of attorney, the presumption in *Wright* applies only to the funds that the owner of the funds knew to be in the survivorship accounts. *Gotthardt v. Candle* (1999), 131 Ohio App.3d 831, 723 N.E.2d 1144; *In re Estate of Case* (Apr. 3, 1998), Montgomery App. No. 16747, 1998 WL 151141.

■ {¶ 12} The holder of a power of attorney has a fiduciary relationship with the principal. The relationship is "one in which a special confidence and trust is reposed in the integrity and fidelity of another * * * by virtue of this special trust." *Stone v. Davis* (1981), 66 Ohio St.2d 74, 78, 20 O.O.3d 64, 419 N.E.2d 1094, quoting *In re Termination of Emp. of Pratt* (1974), 40 Ohio St.2d 107, 115, 69 O.O.2d 512, 321 N.E.2d 603. The person who holds the power of attorney bears the burden of proof on the issue of the fairness of the transaction. *Testa v. Roberts* (1988), 44 Ohio App.3d 161, 542 N.E.2d 654. When a fiduciary relationship exists between a creator of a joint and survivorship account and a surviving beneficiary, there is a suspicion that the transaction resulted from undue influence, and a presumption of undue influence arises. See *In re Scott* (1996), 111 Ohio App.3d 273, 675 N.E.2d 1350; *Studniewski v. Krzyzanowski* (1989), 65 Ohio App.3d 628, 584 N.E.2d 1297. Once this presumption arises, the burden of going forward with evidence shifts to the beneficiary to show that his conduct has been free of undue influence or fraud. Id. The beneficiary must

**104**

rebut the presumption by a preponderance of the evidence. *Krischbaum v. Dillon* (1991), 58 Ohio St.3d 58, 567 N.E.2d 1291.

{¶ 13} From the evidence presented, the court finds that plaintiff has failed to sustain the burden of proof and that certificate-of-deposit account numbers 1005901, 1005964, and 1005309 are joint and survivorship accounts. The court finds that the presumption set forth in *Wright* does not apply to joint and survivorship certificate-of-deposit account No. 1006062 established by Fleming as attorney in fact and there is a presumption of undue influence. The court finds that Fleming failed to rebut the presumption of undue influence and that the funds remaining in the joint and survivorship certificate of deposit in the amount of $47,046.19 are estate assets.

{¶ 14} Therefore, it is ordered that Judith R. Fleming be and hereby is found guilty of having concealed, embezzled, or conveyed away, or having been in possession of money of Mary E. Artman's estate in the amount of $47,046.19. It is further ordered that judgment be and hereby is rendered in favor of the estate of Mary E. Artman, deceased, in the amount of $47,046.19 together with a ten percent penalty and all costs of this proceeding. It is further ordered that plaintiff's attorney fees be and hereby are taxed as costs and shall be payable upon application to and approval by the court. It is further ordered that Judith R. Fleming shall pay $47,046.19 plus the ten percent penalty within ten days to the estate and submit verification thereof to the court.

{¶ 15} It is further ordered, by agreement of the parties, that the request to appoint a special investigator and the motion to remove the fiduciary be and hereby are continued pending further order of the court. It is further ordered that the estate shall remain open and that an amended inventory reflecting the amount recovered shall be filed within 14 days. All pending further order of the court.