[Cite as *Patterson v. Church*, 2013-Ohio-1906.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99159

---

## SHARON PATTERSON

PLAINTIFF-APPELLANT

vs.

## DAVID CHURCH, ET AL.

DEFENDANTS-APPELLEES

---

### JUDGMENT:
### AFFIRMED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-768575

**BEFORE:** Jones, P.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** May 9, 2013

**ATTORNEY FOR APPELLANT**

Alexander R. Folk
P.O. Box 67128
Cuyahoga Falls, Ohio 44222


**ATTORNEY FOR APPELLEES**

John F. Hersch
8536 Crow Drive
Suite 240
Macedonia, Ohio 44056

LARRY A. JONES, SR., P.J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

**{¶2}** In this accelerated appeal, plaintiff-appellant, Sharon Patterson, appeals from the trial court's judgment granting the motion to dismiss of defendants-appellees, David Church and Joyce Church. We affirm, but remand with instructions for the trial court to enter the dismissal without prejudice.

## I. Procedural History

**{¶3}** In November 2011, Patterson filed this action against the Churches, asserting claims for (1) a declaratory judgment, (2) unjust enrichment, and (3) tortious interference with expectancy of inheritance. The action was filed in the general division of the common pleas court.

**{¶4}** The Churches filed a motion to dismiss for lack of subject matter jurisdiction under Civ.R. 12(B)(1). A brief in opposition was filed by Patterson, and the Churches filed a reply brief. The trial court granted the Churches' motion, and dismissed the case with prejudice. Patterson now appeals, raising the following assignment of error for our review: "The trial court erred by dismissing the case for lack of subject matter jurisdiction."

## II. Facts

**{¶5}** Patterson alleged the following in her complaint. She and David Church are brother and sister, and their parents are deceased. Joyce Church is David's wife.

Patterson alleged that during the last years of the parents' lives, she provided daily care to them, including, but not limited to, managing their finances.

**{¶6}** After their mother passed away in 2005, the Churches moved into the parents' home, and to the exclusion of Patterson, substantially altered the father's then-existing estate planning from an "equal division of his property between his children to making an inter-vivos transfer of [the] father's assets." Specifically, Patterson alleged that the Churches had the father transfer ownership of his residence to David, with the father retaining only a life estate. Ownership of two other properties located in West Virginia were transferred from the father to the Churches. According to Patterson, David also opened joint accounts with their father.

**{¶7}** Patterson alleged that her father was "frail and vulnerable during the time frame in which he executed these deeds and bank documents * * *." According to Patterson, David "purposefully and with prior intent sequestered [their father] from [her], so that he could diminish the assets to which she would have been entitled upon his death."

**{¶8}** During the same time frame as these transfers, the father executed a will which equally divided his assets between David and Patterson, so long as they survived him by 30 days.

**{¶9}** Patterson alleged that after their father passed away in 2010, David removed the funds from the joint accounts and did not divide them with her.

**{¶10}** Based on these allegations, Patterson sought a declaratory judgment and recovery for unjust enrichment and tortious interference with expectancy of inheritance.

### III. Law and Analysis

**{¶11}** In ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court determines whether the claim raises any action cognizable in that court. *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5. Subject-matter jurisdiction involves "'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.'" *Id.*, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. An appellate court reviews de novo a trial court's order granting or denying a Civ.R. 12(B)(1) motion to dismiss. *Robinson* at ¶ 5, citing *Hudson v. Petrosurance*, 10th Dist. No. 08AP-1030, 2009-Ohio-4307, ¶ 12.

**{¶12}** In their motion to dismiss, the Churches contended that the trial court lacked subject matter jurisdiction over this case because exclusive jurisdiction rests with the probate court. In support of their contention, the Churches relied primarily on *Grimes v. Grimes*, 173 Ohio App.3d 537, 2007-Ohio-5653, 879 N.E.2d 247 (4th Dist.), and *Sayer v. Epler*, 121 Ohio App.3d 329, 699 N.E.2d 1000 (5th Dist.1997).

**{¶13}** In *Grimes*, the plaintiff son of the decedent sued the decedent's other son (the plaintiff's brother) in the general division of the common pleas court. The plaintiff son contested inter vivos transfers of property from the father to the other son a couple of months before the father died. The father had a will that left his entire estate to the two sons. One of the plaintiff's claims was for the intentional interference with an expected inheritance.

**{¶14}** The defendant son moved for summary judgment, and without addressing the issue of subject-matter jurisdiction, the court granted the motion. The plaintiff son then refiled his claims regarding the inter vivos transfers in the probate court; the probate court dismissed the case.

**{¶15}** On appeal, the Fourth Appellate District found that (1) the general division should have dismissed the case without prejudice for lack of jurisdiction, and (2) the probate court erred by failing to exercise its exclusive jurisdiction over the claims.

**{¶16}** In so holding, the court noted that Ohio probate courts are courts of "'limited jurisdiction'" and the proceedings of those courts are limited to actions permitted by either statute or the Constitution. *Grimes* at ¶ 17, quoting *State ex rel. Lipinski v. Cuyahoga Cty. Common Pleas Court, Probate Div.*, 74 Ohio St.3d 19, 22, 1995-Ohio-96, 655 N.E.2d 1303. The court cited R.C. 2102.24(A)(1)(c), which states in part that the probate court has "exclusive jurisdiction" to "direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates." Under that section, the Fourth District found that any matter relating to the administration of an estate and the distribution of its assets is within the exclusive jurisdiction of probate court. *Grimes* at ¶ 17.

**{¶17}** The Fourth District further found that probate court has the exclusive jurisdiction to "'render declaratory judgments, including, but not limited to, those rendered pursuant to section 2107.084 of the Revised Code.'" *Id.* at ¶ 18, quoting R.C. 2101.24(A)(1)(l).

**{¶18}** R.C. 2721.05, governing declaratory judgments, provides in part that

> [a]ny person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the * * * estate of a decedent * * * may have a declaration of rights or legal relations in respect * * * [t]o determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

R.C. 2721.05(C)

**{¶19}** Reading R.C. 2101.24(A)(1)(l) and 2721.05(C) together, the Fourth District held that probate court has the exclusive jurisdiction over declaratory judgment actions relating to the administration of an estate. *Grimes* at ¶ 18.

**{¶20}** Likewise, the Fifth Appellate District reached the same result in *Sayer*, 121 Ohio App.3d 329, 121 Ohio App.3d 329. There, a grandson sued his mother, who had been the fiduciary of his deceased grandmother. The grandson contended that under his grandmother's last will and testament, her assets were to be distributed upon her death to the mother, grandson, and two other grandsons. After the grandmother's death, however, the mother informed the boys that the grandmother did not have any assets and they would, therefore, not be receiving anything.

**{¶21}** The mother told the boys that their grandmother, prior to her death, had given her (the mother) her house as a gift. The grandson contended that, in addition to the house, the grandmother had also owned a substantial value of stock and other assets. The grandson's action was filed in probate court and contained two counts: concealment and declaratory judgment. The probate court dismissed the complaint for lack of subject-matter jurisdiction.

**{¶22}** The Fifth Appellate District, citing R.C. 2101.24(A)(1)(l) and 2751.05(C), found that jurisdiction for the grandson's claims (except for his claims for relief for fraud and money damages) lay with the probate court.

**{¶23}** Thus, on the authority of *Grimes* and *Sayer* and the statutes they relied on, we find that the probate court is the court vested with jurisdiction to hear Patterson's claims.

**{¶24}** In light of the above, Patterson's sole assignment of error is overruled and the trial court's judgment is affirmed, but the case is remanded so that the trial court can enter the dismissal without prejudice.

It is ordered that appellant recover of appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR