## BRESNAHAN v. NUGENT.

FRAUDULENT CONVEYANCES—ESTATES OF DECEDENTS—REMEDY OF ADMINISTRATOR.

An administrator cannot maintain a bill in equity under 2 How. Stat. § 5884, to set aside a deed of his intestate as in fraud of creditors, for the sole purpose of reaching the proceeds of crops growing upon the land at the time of the conveyance.    The remedy in such case is in an action at law.

Appeal from Kent; Grove, J.  Submitted June 13, 1895. Decided September 27, 1895.

Bill by John Bresnahan, administrator of the estate of Daniel Nugent, deceased, against Emanuel Nugent, to subject to the claims of creditors assets alleged to have been fraudulently conveyed by the decedent.  From a decree dismissing the bill on demurrer, complainant appeals.  Affirmed.

*J. H. Tatem,* for complainant.

*Taggart, Wolcott & Ganson,* for defendant.

HOOKER, J.  This cause is here upon general demurrer to complainant's bill of complaint, an appeal having been taken from an order sustaining the demurrer and dismissing the bill.

The bill alleges that the complainant was appointed

administrator of the estate of Daniel Nugent on July 19,
1888; that on June 10, 1890, commissioners on claims in
said estate allowed claims against said estate in favor of
James Nugent to the amount of $2,255.03; that prior to
his death, and on March 31, 1879, the intestate conveyed,
by bill of sale, to the defendant, all of his personal prop-
erty in the county of Kent, and, by deed, all of his real
estate in said county; that upon said real estate a crop
of wheat was growing, which, when ripe, was harvested
and sold by the defendant, and $1,040, received therefor,
was appropriated by said defendant. Subsequently the
land was sold upon foreclosure of a mortgage, except
one parcel. The bill states, further, that said transfer
was fraudulent as against creditors, and that it has been
so adjudicated in an action tried in the Kent circuit
court on May 20, 1885, as between the parties to this suit,
who were the parties in interest in that action, and that
defendant is thereby estopped and barred from denying
the fraudulent character of said deed. It is further al-
leged that on October 4, 1890, the complainant brought
*assumpsit* against the defendant to collect from the de-
fendant the amount of the claims of James Nugent, on
the ground that the transfer of personal property was
fraudulent and void as against Daniel Nugent's creditors,
and that on December 21, 1892, he obtained judgment
in the Kent circuit for $1,600, wherein said transfer was
held fraudulent. Such judgment was afterwards modi-
fied and affirmed by this court (*Bresnahan* v. *Nugent*, 97
Mich. 359), and the defendant paid $947.25, that being the
value of said personal property, as found by the jury,
with interest. Afterwards the parcel of land hereinbe-
fore mentioned as excepted from foreclosure was sold
by order of the probate court, and the proceeds applied
on the judgment. After crediting all property in the
hands of the complainant, $1,232, principal, and $405,
interest, is yet due upon this judgment, and there is no
available property to pay the same. A decree is asked
declaring the deed to the land upon which the wheat

grew to be void, and that defendant be required to pay this sum of $1,040, received for wheat, with interest thereon, to the administrator.

This proceeding is commenced under 2 How. Stat. § 5884, which is as follows:

"When there shall be a deficiency of assets in the hands of an executor or administrator, and when the deceased shall, in his lifetime, have conveyed any real estate, or any right or interest therein, with the intent to defraud his creditors, or to avoid any right, debt, or duty of any person, or shall have so conveyed such estate that by law the deeds or conveyances are void as against creditors, the executor or administrator may and it shall be his duty to commence and prosecute to final judgment any proper action or suit, at law or in chancery, for the recovery of the same, and may recover, for the benefit of the creditors, all such real estate so fraudulently conveyed; and may also, for the benefit of the creditors, sue and recover for all goods, chattels, rights, or credits which may have been so fraudulently conveyed by the deceased in his lifetime, whatever may have been the manner of such fraudulent conveyance."

The bill appears to be filed upon the theory that the wheat in question passed to defendant by the deed of the land, and that he acquired a title that can only be set aside by declaring the deed fraudulent and void, which, it is said, only a court of equity can do. It appears from the bill that all personal property of other kinds was held to have been fraudulently conveyed, and this by a court of law in an action of *assumpsit*. There can be no doubt that the crop of wheat in question might have been, if it was not, conveyed by the same bill of sale; and, if it was, there would seem to be no reason why the proceeds might not be recovered in an action of *assumpsit*, as well as the value of horses and other chattels. In fact, the record of the former case shows that this was attempted, but apparently failed, through defective pleading. However that may be, there seems no escape from the position that

such recovery might have been had in *assumpsit*, and that such remedy is adequate, unless it can be said that the wheat did not pass under the bill of sale, and did by the deed, and, further, that only a court of chancery can hold such transaction void. It certainly did pass by the deed if it did not by the bill of sale.

But it makes little difference whether **it be** said to have been conveyed by the deed or bill of sale. If it was in fraud of creditors, it was subject to levy and sale, and the validity might be tried in an action at law, as was held in *Pierce* v. *Hill*, 35 Mich. 197. Here the administrator attacks the transfer under the statute, that he may acquire enough of the intestate's property to pay his debts. As stated by Mr. Justice MARSTON in *Pierce* v. *Hill, supra:*

"In such case it would make no difference whether the sale was a verbal or a written one, under seal or without seal. * * * The law, in dealing with such sales, does not, out of respect to the instrument by which the fraudulent conveyance was made, hesitate to declare such a sale void."

To reach real estate, the intervention of chancery is usually necessary. When defendant harvested or received money for this wheat, which, while so far partaking of the nature of real estate as to pass with the land by deed, did not sufficiently resemble it to be considered an interest in land, within the statute of frauds, or to pass to the heir instead of the administrator, no good reason appears why this wheat or money should not be subject to recovery by an action at law. No attempt is made to reach the land, which all admit is beyond reach; and we think the invalidity of the transfer may be tried and determined at law as well as in equity. The demurrer was, in our opinion, properly sustained.

Several questions likely to be raised upon a hearing upon the merits are passed without discussion, inasmuch

as they do not appear to be within the issue made by the pleadings.

The decree of the circuit court will be affirmed, with costs.

The other Justices concurred.