## HARTY *v.* TEAGAN.

MONEY RECEIVED — ACTION — PROPRIETY — EQUITABLE CLAIMS — TRANSFER BY INCOMPETENT.

An action for money received will lie in favor of an adminis.trator against one to whom plaintiff's intestate has trans.ferred funds while incompetent as the result of undue influ.ence, resort to equity to set the transfer aside not being necessary where real estate is not involved.

Error to Wayne; Rohnert, J. Submitted October 10,. 1907. (Docket No. 16.) Decided November 5, 1907.

Assumpsit by Mary Harty, administratrix of the estate of Mary Harty, deceased, against Margaret Teagan for money had and received. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*James H. Pound,* for appellant.

BLAIR, J. Plaintiff brought this action as administratrix to recover a sum of money alleged to have been transferred by her decedent intestate when she was mentally incompetent and was subjected to undue influence by defendant. The declaration was upon the common counts in assumpsit, to which was added the following bill of particulars:

"Plaintiff's Bill of Particulars.

"Moneys received by defendant at different times from deceased, from 1895 up to and including May 6, 1901, $10,000, for which no consideration was given by defendant and which was given while the deceased was mentally incompetent and unduly influenced."

At the close of the opening statement of counsel for plaintiff, the following colloquy took place between the court and counsel:

"*The Court:* Let me understand your position. You admit that the decedent transferred the property to this defendant?

"*Mr. Pound:* Yes.

"*The Court:* But at that time you claim that she did not have the mental capacity to make the transfer?

"*Mr. Pound:* And was coerced into doing it, not with the intent to part with the title to the property.

"*The Court:* But she did part with title to property.

"*Mr. Pound:* She did on the papers, yes. As against an innocent purchaser there is no question but what she did.

"*The Court:* There is no better way of testing this matter than to frame the issue clearly so that the Supreme Court can pass upon it. As I understand it, the plaintiff's position is this, that plaintiff's decedent actually transferred the property to the defendant, but at the time of the transfer there was coercion and there was mental incapacity to understand the transaction.

"*Mr. Pound:* That is it exactly.

"*The Court:* I want to separate this statement from your opening as a plain statement.

"*Mr. Pound:* I am willing to take that as the point that the court made just now.

"*The Court:* If you are entitled to go to the jury upon that, undoubtedly a great deal of what you have said Saturday is pertinent. If you want to go on the theory of appropriation without consent of the decedent it would not be pertinent, but that is eliminated in view of the statement you now make.

"*Mr. Pound:* There is no doubt but that there was a formal paper made. This is the only remedy. It is this or nothing.

"*The Court:* Call in the jury."

Thereupon, the court instructed the jury that plaintiff could not recover upon the theory stated by her counsel in an action at law, but that her relief must be sought "in a court of chancery, filing a bill and asking that that transfer be set aside for the reason that there was undue influence exercised or mental incapacity on the part of decedent at the time of the transfer."

Judgment having been entered upon verdict directed by the court, plaintiff has brought the case to this court

for review upon writ of error. Counsel for defendant has not favored the court with a brief.

We are of the opinion that the court erred in directing the verdict.

" To sustain the count for moneys ·received by the defendant for the use of the plaintiff, it is only necessary to show that the defendant has obtained possession of money, or received something as money, which, ex aequo et bono, he ought to refund." 2· Enc. Pl. & · Pr. pp. 1016, 1017, and cases cited in note.

At an early day this court held:

"An action for money had and received is an equitable action, and can be maintained in all cases for money which in equity and good conscience belongs to the plaintiff. It has been much extended in modern times, and is founded solely upon the equitable rights of the parties." *Beardslee* v. *Horton*, 3 Mich. 560.

See, also, *Moore* v. *Mandlebaum*, 8 Mich. 433; *Michigan Sanitarium & Benevolent Ass'n* v. *City of Battle Creek*, 138 Mich. 676; *Johnson* v. *Insurance Co.*, 39 Mich. 33; *Walker* v. *Conant*, 65 Mich. 194; *Blackwood* v. *Brown*, 34 Mich. 4; *Atkinson* v. *Scott*, 36 Mich. 18; *McGoren* v. *Avery*, 37 Mich. 120.

No real estate was involved in this action and it was, therefore, unnecessary to resort to a court of equity. *Bresnahan* v. *Nugent*, 106 Mich. 459; *Doe* v. *Clark*, 42 Iowa, 123; *Knight* v. *Tripp* (Cal.), 49 Pac. 838.

The judgment is reversed, and a new trial granted.

McALVAY, C. J., CARPENTER, GRANT, and MONTGOMERY, JJ., concurred.