## RICHARDSON v RICHARDSON

*Ohio Appeals, 9th Dist, Medina Co*

No 156. Decided February 10, 1938

J. B. Palmquist, Medina, and Burroughs & Burroughs, Akron, for appellee.

John A. Weber, Medina, for appellant.

## OPINION

By DOYLE, J.

It was alleged in the second amended petition filed in the Common Pleas Court by the administrator of the estate of Frank Richardson, and the evidence disclosed, that the deceased, Frank Richardson, died in the one hundredth year of his life. Several years before his death he entered into a joint and survivorship bank account with his daughter, Edna Richardson, the appellant in this court. Shortly after his death, the survivor, the said Edna Richardson, by virtue of the said survivorship contract, withdrew from the depository bank the entire balance of the account, and retained the money so withdrawn as her own. The charge was further made in the second amended petition that at the time of the creation of the joint and survivorship account the said Frank Richardson was in such a mental condition that he was "unable to comprehend and did not comprehend" the nature and effect of the contract, and that he believed that the instrument which he signed was an agreement whereby his money would be equally distributed among his children. It was further charged that the appellant, Edna Richardson, failed to explain to him the effect of the agreement.

The administrator prayed for judgment in his favor for the entire balance of the account, plus interest, for the reason that the sum "in equity and good conscience belongs to the estate of the said Frank Richardson and to the plaintiff (as its administrator) and that said defendant, Edna Richardson, is indebted to plaintiff for said sum so had and received by said defendant, to the use of the plaintiff."

The claim in the petition is bottomed on the theory that Edna Richardson, the appellant, became a party to the bank account in question, under such circumstances as to impose liability upon her in favor of the estate for the amount of the account, plus interest; that there exists a right of action against her for money had and received to prevent unjust enrichment.

The appellant answered the complaint of the administrator and admitted most of the allegations of the petition, but denied specifically the mental deficiency of the administrator's decedent at the time of the execution of the contract. In a second defense, she alleged that after the appointment of an administrator, the said administrator filed an inventory which included, among the assets, the bank account in question; that subsequent thereto the appellant herein, as an heir at law, filed her exceptions to the inventory, wherein she claimed that the decedent did not die seized of the bank account, and asked that it be stricken from the inventory; that in due time the Probate Court tried that issue, and, from the evidence adduced, sustained the exceptions and ordered that the savings account be stricken from the inventory, for the reason that it was not an asset of the estate; and that said holding stood unreversed and unmodified and was therefore res adjudicata.

A reply to that answer was filed, and a trial by jury was held. The court, upon motion, withdrew from the consideration of the jury the second defense and submitted only for its determination the issue of the decedent's mental capacity to contract at the time of the execution of the said joint and survivorship bank account.

The jury returned a verdict for the full amount of the balance of the account at the time of its withdrawal, plus interest to the date of the trial, on the ground that the decedent was "not of sound mind and memory" and "not qualified to understand or transact ordinary business" at the time of the execution of the said "joint and survivorship bank account."

An appeal on questions of law brings the record of the Court of Common Pleas to this Court for review.

The law is well settled in this state that "Upon the death of the creator of a joint and survivorship bank account, the surviving joint depositors have a right to the balance remaining in the account to the exclusion of the personal representative of" the decedent. And further that by virtue of contract after the deposit is made in the bank the contract of deposit is executed.

Sage, Exr. v Flueck, 132 Oh St, 377.

It is the undisputed evidence in the instant case that such an account was created between the appellant, the decedent and the bank.

Appellant urges that the matter under consideration in the Common Pleas Court pertaining to the deposit contract is res adjudicata by reason of the adjudication in the Probate Court on the exceptions to the inventory.

With that contention we do not agree.

The record discloses that the decedent died October 27, 1934; that on the 2nd of November, 1934, the appellant withdrew the money from the bank; that the administrator of the estate was appointed December 17, 1934, and that on the 16th of April, 1935, an inventory of the estate was filed, which included the savings account. From the foregoing, it appears that the money was withdrawn from the bank before the legal machinery for the probate of the estate had commenced. It was withdrawn under the provisions of an executed contract which entitled the survivor to the proceeds.

The Probate Court correctly ruled that the account was not a part of the assets of the estate. The money had been withdrawn and was held by the one who was legally entitled to its possession—at least until such time as it was legally proved that she was not entitled to it. There passed to the personal representative of the decedent only a right of action to recover the balance of the account, if the survivor of the joint and survivorship account (the appellee herein) obtained it wrongfully and that question the Probate Court did not adjudicate. The action of the trial court in striking from the answer the defense of res adjudicata was, under the circumstances of this case, justified.

It is further urged that, in view of the admitted facts, disclosing the possession of and legal title to the money in the appellant by virtue of a contract, such contract must be avoided as a condition precedent to judgment against her.

This contract, as stated heretofore, was executed. Nothing remained to be done under it except that the survivor, as a creditor of the bank, take the money as her own. This she did. The bank had discharged its obligation as a debtor to the contracting parties. Under the circumstances of this case there was no occasion to resort to a court of equity for a rescission of the contract. But in any event, disregarding the equitable nature of the action, this action for money had and received was properly brought under the provisions of the General Code of Ohio, and if the proof substantiated the allegations of the complainant, the administrator was entitled to a judgment, for the reason that

Headnote 4.

Headnote 5.

"The right to trial by jury does not depend upon the principles upon which relief is asked, but upon the nature and character of the relief sought. If the relief sought is a judgment for money only, the fact that before the adoption of our reformed system of procedure, the proper remedy would have been by a suit in equity, does not affect the right of either party to a trial by jury upon any issue of fact made by the pleadings."

Gunsaullus, Admr. v Pettit, Admr., 46 Oh St 27.

See also—

Sec. 11379, GC.

Harty v Teagan, 150 Mich. 75; 113 N. W. 594.

"Where one receives money that in equity and good conscience belongs to another, the latter may recover it as money received to his use. In other words, 'the action lies in every instance where one has come into possession of money which should in good conscience be refunded to another.' * * * "

27 O. J., Money Received, Sec. 2.

Other errors of which complaint is made have been examined and analyzed, and it is our conclusion that none are prejudicial to the rights of the appellant.

Judgment affirmed.

STEVENS, PJ, and WASHBURN, J, concur in judgment.