In Matter of Estate of Brunskill: Brunskill et al., Appellants, *v.* Brunskill, Appellee.

(Decided February 14, 1940.)

*Mr. Carl M. Myers,* for appellants.
*Mr. Dwite H. Schaffner,* for appellee.

Stevens, J. On January 31, 1939, Fiena F. Brunskill died testate, leaving surviving her two daughters, Hazel and Mabel Brunskill, and her husband, Elvin I. Brunskill, from whom she had been separated for some time.

About November 9, 1938, decedent had executed a will, leaving all of her property to her two daughters.

On January 26, 1939, decedent transferred to her two daughters certain savings accounts which stood in decedent's name, and others which stood in the name of decedent and her husband, payable to either or survivor; also certain shares of corporate stock, and a quitclaim deed to four parcels of real estate standing in the name of the decedent.

Manual delivery of the instruments of title to the personal property, under proper endorsement, was made during the lifetime of the decedent, and also actual delivery of the deed for the real estate, which deed, on its face at least, was regularly executed. The money in the savings accounts was withdrawn therefrom by the daughters, and placed in accounts in their

own names, and the stock certificates, endorsed in blank, together with the quitclaim deed for the real estate, were placed in safety deposit boxes, registered by the daughters in fictitious names.

After the appointment of an administrator by the Probate Court, the administrator, in preparing the inventory of the estate of decedent, included as assets of the estate the real and personal property hereinbefore set forth, and the daughters and the husband filed exceptions to the inventory.

Upon hearing before the Probate Court, that court found that the title to the enumerated items of real and personal property was in the estate, and ordered the daughters to turn such real and personal property over to the administrator. Appeal on questions of law brings the matter before this court.

A motion to dismiss the appeal has been filed by the appellee, on the ground that this court is without jurisdiction to hear the appeal. The basis for the motion is that if the appellants have the right to appeal directly to the Court of Appeals at all, it is only by virtue of Section 10501-56, General Code, as amended June 26, 1939 (118 Ohio Laws, 78), and that, this matter having been pending in the Probate Court at the time the amendment became effective, Section 26, General Code, precludes the applicability of Section 10501-56, General Code, and hence leaves this court devoid of jurisdiction to entertain the appeal.

The Court of Appeals is a constitutional court, deriving its jurisdiction from the provisions of Section 6 of Article IV of the Constitution, as adopted in 1912. Among other grants, it has jurisdiction ''to review, affirm, modify, or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law.''

The Probate Court is by statute made a court of record, and its judgments are, and since the adoption

of the Constitution of 1912 have been, subject to direct review by the Court of Appeals in the manner prescribed by law. Section 10501-56, General Code, did not and could not enlarge or diminish the jurisdiction of the Court of Appeals acquired by it under the constitutional grant.

"1. Section 6, Article IV of the Constitution of Ohio as amended September 3, 1912, confers jurisdiction upon the courts of appeals to review, affirm, modify or reverse the judgments of the court of common pleas, superior courts, and other courts of record within the district. The general assembly has no power to enlarge or limit the jurisdiction conferred by the constitution of the state, but may provide by law for the method of exercising that jurisdiction." *Cincinnati Polyclinic* v. *Balch,* 92 Ohio St., 415, 111 N. E., 159.

We therefore conclude that appellee's motion is not well taken; that this court does have jurisdiction to hear and determine this appeal. The motion is overruled.

It is contended by the appellants that the Probate Court was without jurisdiction to determine the title to the property which was transferred by the decedent to her daughters during decedent's lifetime, in the proceeding upon exceptions to the inventory.

The gifts of personal property were executed gifts, and the transfer of the real estate by quitclaim deed, duly delivered, was such as on its face complied with the statutory requisites necessary to accomplish a transfer of title; and the instruments of title were in the possession of the daughters at the time the administrator was appointed, and were never voluntarily relinquished by them.

Under the circumstances here disclosed, the title to the property in question is in the donees of the personal property, and the grantees of the real property, and such property could not be properly inventoried

as assets belonging to the estate of the deceased, until the gifts and the transfer were set aside as invalid, and the estate of decedent reinvested with the title to the property.

This court had occasion to pass upon a similar situation in the case of *Richardson, Admr.,* v. *Richardson,* 28 Ohio Law Abs., 497. The court there decided, under the facts presented, that the Probate Court was without jurisdiction, in a hearing upon exceptions to an inventory, to pass upon the question of title to personal property. That case involved a situation quite similar to the one here presented, except that it was limited to personal property. In the opinion therein, it was stated that: ''There passed to the personal representative of the decedent only a right of action to recover the balance of the account, if the survivor of the joint and survivorship account * * * obtained it wrongfully * * *.''

We are of the opinion that, under the circumstances disclosed by this record, the Probate Court was without jurisdiction to pass upon the title to the real and personal property here involved in the proceeding on exceptions to the inventory of the decedent's estate. We indulge in no speculation as to whether, under some circumstances, the Probate Court might have jurisdiction to pass upon questions of title upon exceptions to inventories.

It is our conclusion, under the evidence here adduced, that the Probate Court erred in holding that the personal and real property transferred to the daughters of the decedent before her death constituted assets of the estate of the decedent which should have been included in the inventory of her estate.

The judgment of the Probate Court will be reversed, and the cause remanded to that court, with instructions to exclude the savings accounts, the certificates of stock, and the real property which had been transferred by decedent to her daughters prior to her death,

from the inventory of assets of the estate of the decedent, without prejudice, however, to the rights of the administrator to bring a proper action to determine the validity of the gifts and transfers.

*Judgment reversed and cause remanded.*

WASHBURN, P. J., and DOYLE, J., concur.