ONCU, EXR., APPELLEE, v. BELL ET AL., APPELLEE; TUTTLE,
APPELLANT.

(No. 605—Decided January 14, 1976.)

*Mr. Charles Clark Griesinger*, for appellee.
*Mr. John C. Oberholtzer*, for appellant.

MAHONEY, J. Plaintiff-appellee, George Wayne Oncu, Executor of the will of George Oncu, deceased, brought an action in the Court of Common Pleas of Medina County, probate division. His complaint alleges that prior to his death the decedent had conveyed certain real property to defendants and that the legal description contained in the deed was incorrect as the result of a surveyor's error. Plaintiff sought authority to receive quit-claim deeds to the property from the grantees and thereafter to reconvey the same property to them with a correct legal description.

All defendants, except appellant, Emma Irene Oncu Tuttle, executed quit-claim deeds to the plaintiff (conditioned on the requested relief) and answered by consenting to the prayer of the complaint. Appellant, Emma Irene Oncu Tuttle, answered and moved to dismiss for failure to state a claim upon which relief could be granted.

The Court dismissed appellant's motion. After a hearing, the court ordered that the deed from the decedent to defendants be reformed to incorporate the correct legal description of the land thereby conveyed.

Appellant timely appeals alleging the following as error:

"1. The Probate Court erred in denying appellant's motion to dismiss and in granting appellee's complaint because the Probate Court is without jurisdiction to reform a deed and the executor or administrator has no power to bring a reformation action.

"2. The Probate Court erred in denying appellant's motion to dismiss and in granting appellee's complaint because a description in a deed cannot be altered by parol evidence unless the description is ambiguous."

We find that the first assignment of error with respect to the jurisdiction of the probate division is well taken.

Plaintiff's citations do not persuade us that the probate division of the Common Pleas Court has jurisdiction either to reform a deed executed prior to decedent's death or to order the series of conveyances requested in plaintiff's prayer for relief.

While the powers of the probate division are plenary, they are so only with respect to matters "properly before the court." R. C. 2101.24(O). This reference to plenary powers cannot be interpreted so as to enlarge the statutory grant of jurisdiction to the probate division.

Two prior decisions of this court are controlling here. In *Richardson* v. *Richardson* (1938), 28 Ohio Law Abs. 497, Judge Doyle wrote that the correct determination of the probate division that certain joint and survivorship accounts were not a part of the assets of the estate, was not *res adjudicata* in a subsequent suit brought in the Court of Common Pleas to recover the amount placed in the account by the decedent. The case of *In re Estate of Brunskill* (1940), 63 Ohio App. 529, correctly read *Richardson, supra,* as standing for the proposition that a Probate Court was without jurisdiction to pass upon the question of title to personal property transferred prior to death and held that, similarly, it lacked jurisdiction to determine the title to real

property transferred by a decedent prior to death.

We, therefore, hold that the probate division of the Common Pleas Court lacks jurisdiction to reform a deed of real property transferred by the decedent prior to his death.

With respect to the second issue raised in appellant's first assignment of error, an executor may ordinarily prosecute in his representative capacity any cause which his decedent could have instituted. See, 23 Ohio Jurisprudence 2d 144, Executors and Administrators, Section 588. For example, a personal representative may prosecute an appeal from a judgment entered against a decedent who died while his cause of action was pending in the trial court. *Welton* v. *Williams* (1876), 28 Ohio St. 472. Moreover R. C. 2721.05(B) specifically empowers an executor to seek a declaration of rights directing him to do or abstain from doing any particular act in his fiduciary capacity.

This assignment is, therefore, not well taken and plaintiff may seek a reformation of the deed in question in the proper forum.

The second assignment of error is a correct statement of the law. However, it provides no support for a motion to dismiss the complaint, for the reason that the record reveals patent ambiguities in the deed to defendants. The fact that an apparent typographical error in the legal description results in the non-connection of the third and fourth courses when the description is traced out constitutes a patent ambiguity; likewise, the description of the second course as being ''along Tuttle's East line'' is ambiguous. Accordingly, the second assignment of error is overruled.

We hold that the probate division lacked jurisdiction to reform the deed. Accordingly, we reverse the judgment and dismiss the complaint pursuant to App. R. 12(B) without prejudice to the rights of the executor to bring a proper action for a reformation of the deed in controversy.

*Judgment reversed.*

Victor, P. J., and Cook, J., concur.

Cook, J., of the Eleventh Appellate District, sitting by designation in the Ninth Appellate District.