[Cite as *Phillips v. Deskin*, 2013-Ohio-3025.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| MONICA PHILLIPS, ET AL. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| ANGELA R. PHILLIPS DESKIN, ET AL. | : | Case No. 12CA119 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Court of Common
                                                              Pleas, Case No. 2012 CV 0825



JUDGMENT:                                          Affirmed/Reversed in Part and
                                                              Remanded



DATE OF JUDGMENT:                          July 11, 2013



APPEARANCES:

For Plaintiff-Appellants                          For Defendants-Appellees

ADAM  M. FRIED                                    SALLI C. LUX
BRIAN C. LEE                                        NICHOLAS P. CAPOTOSTO
CLIFFORD C. MASCH                           388 South Main Street, Suite 500
1400 Midland Building                           Akron, OH  44311
101 Prospect Avenue West
Cleveland, OH  44115-1093                   FRANK BENHAM
                                                              150 Mansfield Avenue
                                                              Shelby, OH  44875

*Farmer, J.*

{¶1}  On September 8, 2009, Ralph Phillips died.  Mr. Phillips had business interests in numerous entities, including Phillips Mfg. and Tower Company.  Prior to his death, Mr. Phillips executed a Last Will and Testament and an Amended and Restated Agreement of Trust on December 19, 2001.  Appellee, Mr. Phillips's daughter, Angela Phillips Deskins, was named trustee and also was the executor of her father's estate.

{¶2}  On July 13, 2012, appellants, appellee's sisters, Monica Phillips, Annette Phillips, and Kimberly Leland, filed a complaint in the general division against appellee, individually and in her capacity as trustee and executor, seeking a declaratory judgment, a constructive trust, an accounting, and a trust construction, and alleging intentional interference with an expectancy of an inheritance and fraud.

{¶3}  On September 7, 2012, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6).  By order filed October 19, 2012, the trial court granted the motion with prejudice, for want of subject matter jurisdiction under Civ.R. 12(B)(1), finding the probate court had exclusive jurisdiction over the claims.

{¶4}  On November 16, 2012, appellants filed a Civ.R. 60(B) motion for relief from judgment, requesting the trial court dismiss the matter without prejudice.  By judgment entry filed February 6, 2013, the trial court denied the motion.

{¶5}  Appellants filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶6}  "THE TRIAL COURT ERRED IN DISMISSING THE UNDERLYING COMPLAINT FOR WANT OF SUBJECT MATTER JURISDICTION."

I

{¶7}   Appellants claim the trial court erred in dismissing their complaint for lack of subject matter jurisdiction under Civ.R. 12(B)(1).  We agree as to Counts I, III, and V.

{¶8}   The standard of review for a Civ.R. 12(B)(1) dismissal is whether any cause of action cognizable by the forum has been raised in the complaint.  *Prosen v. Dimora,* 79 Ohio App.3d 120 (9th Dist.1992); *State ex rel. Bush v. Spurlock,* 42 Ohio St.3d 77 (1989).  This determination involves a question of law that will be reviewed de novo.  *Shockey v. Fouty,* 106 Ohio App.3d 420 (4th Dist.1995).  Under a de novo analysis, we must accept all factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party*.  Byrd v. Faber,* 57 Ohio St.3d 56 (1991).

{¶9}   Appellants point out that the trial court found no subject matter jurisdiction under Civ.R. 12(B)(1) and then proceeded to determine the Civ.R. 12(B)(6) portion.  Once a trial court finds no subject matter jurisdiction, it specifically divests itself from the right to rule further.  *State ex rel. Jones v. Suster,* 84 Ohio St.3d 70, 75, 1998-Ohio-275.  Therefore, any gratuitous rulings on the Civ.R. 12(B)(6) portion were made in error.

{¶10} When granting a Civ.R. 12(B)(1) motion, a dismissal "with prejudice" is error.  The trial court's decision that the matter should be heard in the probate court was not a decision on the merits.  Therefore, any decision on subject matter jurisdiction should have been without prejudice.  "A dismissal for either of the following reasons shall operate as a failure otherwise than on the merits: (a) lack of jurisdiction over the person or the subject matter***."  Civ.R. 41(B)(4)(a).

{¶11} Appellants' complaint sought a declaratory judgment, a constructive trust, an accounting, and a trust construction, and alleged intentional interference with an expectancy of an inheritance and fraud. Appellee was not sued in her capacity as executor in the intentional interference and fraud claims.

DECLARATORY JUDGMENT AND CONSTRUCTIVE TRUST (COUNT I)

{¶12} Appellants concede that declaratory relief is available in the probate court.

{¶13} "Proceedings in probate court are restricted to those actions permitted by statute and by the Constitution, since the probate court is a court of limited jurisdiction." *Corron v. Corron,* 40 Ohio St.3d 75 (1989), paragraph one of the syllabus. The *Corron* court also stated at 79: "[o]ur review of the cases in which declaratory judgment jurisdiction has been properly assumed by a probate court reveals that they all involve the probate court's rendering judgments upon questions directly affecting the administration of an estate." We note there exists concurrent jurisdiction between the probate and general divisions of a court of common pleas to determine issues arising out of an inter vivos or testamentary trust. R.C. 2101.24(B).

{¶14} It is appellants' position that the declaratory relief sought does not fit within the probate court's jurisdiction. The complaint filed July 13, 2012 prayed for the following:

A) An Order declaring and compelling Defendants:

a. re-issue, retroactively, the shares of Phillips Mfg. and Tower Co. as follows: 90 non-voting "B" shares and 10 voting "A" shares;

b. fund the non-voting "B" shares of Phillips Mfg. and Tower Co. into the trusts under the Ralph H. Phillips Trust u/d 12/19/2001 for the benefit of the Plaintiffs.

B) An Order declaring and imposing a constructive trust over the shares of Phillips Mfg. and Tower Co. so that the Plaintiffs receive a combined equitable benefit and right to 75% interest value of Phillips Mfg. and Tower Co. or, in the alternative, an order requiring Phillips Mfg. and Tower Co shares held in trust to be valued and for an award of damages to be paid by Defendant Angela R. Phillips Deskins to the Plaintiffs or the trust held for their benefit.

{¶15} From the complaint's very language, the wording of the trust was not at issue, but the results of appellee's conduct or omissions pre-testamentary were. We therefore conclude the claims under the declaratory judgment action are not related to issues regarding the administration of the estate and are not subject to the probate court's jurisdiction.

{¶16} As for the constructive trust action, our brethren from the Fourth District explained the following in *Bishop v. Bishop,* 188 Ohio App.3d 98, 2010-Ohio-2958, ¶ 25 (4th Dist.):

Further, we have located no authority that suggests that the probate court has jurisdiction, either exclusive, concurrent, or plenary, to impose a constructive trust over assets held by an estate for the benefit of

another. Instead, we have located authority to the contrary. For instance, in *In re Estate of Etzensperger* (1984), 9 Ohio St.3d 19, 9 OBR 112, 457 N.E.2d 1161, the probate court imposed a constructive trust on certain savings bonds for the benefit of the executor of the estate/surviving spouse, after they became the subject of a hearing on exceptions to the inventory. In a subsequent appeal, the Supreme Court of Ohio determined that the probate court was without authority to impress a constructive trust on the assets at issue at a hearing on exceptions to the inventory under R.C. 2115.16 because the matter was not properly before the court under R.C. 2101.24. [Footnote omitted.] Id. at 21, 9 OBR 112, 457 N.E.2d 1161. But see *Estate of Taylor v. Taylor, Stanley, & Stark Ins. Co.* (1991), Lawrence App. No. 1957, 1991 WL 110230 (upholding a probate court's imposition of a constructive trust *for an estate's benefit* at a hearing on exceptions to inventory, but factually distinguishing the result from *Etzensperger,* in which the court overturned the imposition of a constructive trust by a probate court for the benefit of an individual rather than the estate).

{¶17} Jurisdiction to fashion and supervise a constructive trust if deemed appropriate rests in the general division of the court of common pleas.

INTENTIONAL INTERFERENCE WITH AN EXPECTANCY OF AN INHERITANCE

AND FRAUD (COUNTS III AND V)

{¶18}  In these counts, appellants sued appellee in her individual capacity, not as executor of the estate.

{¶19}  In their July 13, 2012 complaint, appellants sought the following:

E. For an award of compensatory damages in an amount in excess of $7,000,000.00.

F. For an award of punitive damages to be determined at trial.

G. For an award of reasonable attorney's fees and the cost of this action.

H. Any other equitable relief as may be requested by these Plaintiffs as deemed fair, just, and equitable by this Court.

{¶20}  In *Hoopes v. Hoopes,* 5th Dist. No. 2006 CA 00220, 2007 WL 5232850, ¶ 81-83 (April 9, 2007), this court adopted the decision in *Roll v. Edwards*, 156 Ohio App.3d 227, 2004-Ohio-767:

The *Roll* court, in finding the [sic] such tort [intentional interference with an expectancy of an inheritance] claim is not cognizable in the probate court, held that:

"While the powers of the probate division are plenary, they are so only with respect to matters "properly before the court."  The legislative

grant of plenary power to the probate court is the nature of the power and authority of the probate court to take that action which is necessary to fully dispose of any matter properly before it. *Madigan v. Dollar Bldg. & Loan Co.* (1935), 52 Ohio App. 553, 563, 6 O.O. 478, 4 N.E.2d 68. It authorizes the probate court to grant any relief required to fully adjudicate the subject matter within the probate court's exclusive jurisdiction. *State ex rel. Lewis v. Moser* (1995), 72 Ohio St.3d 25, 29, 647 N.E.2d 155, citing *Goff v. Ameritrust Co., N.A.* (May 5, 1994), Cuyahoga App. Nos. 65196 and 66016, 1994 WL 173544. We cannot interpret the statutory grant of plenary powers to enlarge the statutory grant of jurisdiction to the probate division. *Oncu v. Bell* (1976), 49 Ohio App.2d 109, 110, 3O.O.3d 175, 49 Ohio App.2d 109, 359 N.E.2d 712."

The *Roll* court held that "[w]hile the will contest and the tort claim both require proof of undue influence, the tort claim requires proof of elements that are not relevant or necessary to the probate court's resolution of the will contest.

{¶21} Appellee acknowledges these decisions, but argues appellants did not exhaust their remedies in probate court per *Swank v. Swank,* 5th Dist. No. 2011 CA 8, 2011-Ohio-6920, ¶ 79:

Before pursuing an intentional interference with expectancy of inheritance (IIEI) claim, a plaintiff must first exhaust all appropriate probate

procedures.  *Firestone v. Galbreath* (Oct. 6, 1992), 10th Dist. No. 92AP-159.  See also *Roll v. Edwards,* 156 Ohio App.3d 227, 805 N.E.2d 162, 2004–Ohio–767, ¶ 28.  The rationale is that the probate proceedings may resolve the damages issue by simply validating the will through which the plaintiff claims an expectancy.  *In re Estate of Goehring,* 7th Dist. No. 05 CO 35, 2007–Ohio–1133, ¶ 66.  An exception to the rule allows a plaintiff to bypass probate if no remedy is available in the probate court or if that remedy would be inadequate.  *Firestone v. Galbreath* (S.D.Ohio 1995), 895 F.Supp. 917, 926.  Thus, "[c]ourts must look to whether the probate court can provide the plaintiff with adequate relief in the form of the actual damages which would be recovered in the tort action; punitive damages awards are not considered a valid expectation in this context." *Id.*  Rather, the circumstances surrounding the tortious conduct must be what effectively precludes adequate relief in the probate court.  *DeWitt v. Duce* (Fla.1981), 408 So.2d 216, 219.

{¶22} The facts sub judice are inapposite to the decisions cited above.  This case does not include an unresolved will contest, an undue influence claim in probate court, or any issue as to judicial expediency.  The complaint does not include a specific challenge to the wording of the trust or its true meaning.  The claims sound in tort and fraud due to appellee's failure to carry out her father's wishes prior to his death.  See, July 13, 2012 Complaint at ¶ 12-15, 27-36, 39-43.  We conclude Counts III and V are within the jurisdiction of the general division, not the probate division.

ACCOUNTING AND TRUST CONSTRUCTION (COUNTS II and IV)

{¶23}  These counts allege actions by appellee as executor and as successor trustee after Mr. Phillips's death.  These are issues that relate to the administration of the estate and therefore are with the jurisdiction of the probate court.

{¶24}  The sole assignment of error is granted as to Counts I, III, and V.

{¶25}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.

_____

_____

_____

JUDGES

SGF/sg 624

[Cite as *Phillips v. Deskin*, 2013-Ohio-3025.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MONICA PHILLIPS, ET AL. | : | |
| | : | |
| Plaintiffs-Appellants | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ANGELA R. PHILLIPS DESKIN, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 12CA119 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.

_____

_____

_____

JUDGES