[Cite as *Widdig v. Watkins*, 2013-Ohio-3858.]

COURT OF APPEALS
SCIOTO COUNTY, OHIO
FOURTH APPELLATE DISTRICT

| | |
|---|---|
| MARY J. WIDDIG, as fiduciary of the the Estate of Nola Stapleton and as an individual | JUDGES: Hon. William B. Hoffman, P. J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. |
| Plaintiff-Appellant | |
| -vs- | Case No. 13-CA-3531 |
| PATRICIA WATKINS, et al. | |
| Defendants-Appellees | O P I N I O N |

**RELEASED: 08/22/2013**

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  09-CIH-214

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      August 22, 2013

APPEARANCES:

For Plaintiff-Appellant           For Defendants-Appellees

R. TRACY HOOVER                   T. KEVIN BLUME
621 Seventh Street                9050 Ohio River Road
Portsmouth, Ohio  45662           Wheelersburg, Ohio  45694

*Wise, J.*

{¶1} Appellant Mary J. Widdig appeals the decision of the Court of Common Pleas, Scioto County, which granted a motion to dismiss and a motion for summary judgment in favor of Appellees William Stapleton and Patricia Watkins, appellant's niece and nephew. The relevant facts leading to this appeal are as follows.

{¶2} Appellant Widdig is the daughter of Nola Stapleton, who died intestate in 2005.

{¶3} Nola also had a son, William Stapleton, who predeceased Nola in 2005. William's children, Appellee Patricia Watkins and James Stapleton, the niece and nephew of Appellant Wittig, were named as defendants in a lawsuit filed by appellant, individually and as the "fiduciary" for the estate of Nola, in the Scioto County Court of Common Pleas, General Division, on July 16, 2009, for civil fraud, undue influence, and interference with an expected inheritance. The gist of appellant's lawsuit was that Nola was elderly and suffering from dementia, and that Patricia and James unduly influenced Nola to convey her property, including realty, to them.

{¶4} Appellees filed an answer and counter-claim on September 10, 2009.

{¶5} Appellees filed a motion to dismiss appellant's complaint on December 2, 2011. Appellees then filed a motion for summary judgment on January 13, 2012. Appellant filed responses to both motions.

{¶6} On March 13, 2012, the trial court granted summary judgment in favor of appellees, and also granted the motion to dismiss, finding that the probate court had exclusive jurisdiction over the case. The trial court also referenced the fact that the present administrator of Nola's estate, Attorney George L. Davis, who at some point in

the probate proceedings had replaced appellant as administrator, had not been brought in as a party to the lawsuit.

{¶7} Following an initial appeal and remand for want of a final appealable order, a nunc pro tunc entry, dismissing the counterclaim and adding Civ.R. 54(B) language, was issued on January 23, 2013.

{¶8} On February 7, 2013, appellant filed a notice of appeal. She herein raises the following two Assignments of Error:

{¶9} "I. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

{¶10} "II. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANTS' MOTION TO DISMISS."

{¶11} Appellant argues on appeal that the evidence of Nola's medical and mental health conditions did not warrant summary judgment in favor of defendants-appellees, and that her case was cognizable in the common pleas division. We will address the two assigned errors in reverse order.

II.

{¶12} In her Second Assignment of Error, appellant argues the trial court erred in granting appellees' motion to dismiss her complaint. We agree.

{¶13} Because it presents a question of law, an appellate court reviews a trial court's decision regarding a motion to dismiss independently and without deference to the trial court's determination. *Ogle v. Ohio Power Co*, 180 Ohio App.3d 44, 2008-Ohio-7042, ¶ 3 (additional citations omitted).

*Subject Matter Jurisdiction (Civ.R. 12(B)(1))*

{¶14} The first issue we reach is whether the general division of the common pleas court had jurisdiction to address appellant's action for intentional interference with expectancy of inheritance. In *Firestone v. Galbreath* (1993), 67 Ohio St.3d 87, 616 N.E.2d 202, the Ohio Supreme Court first set forth the essential elements of such a tort claim as: (1) the existence of a plaintiff's expectancy of inheritance; (2) a defendant's intentional interference with plaintiff's expectancy, (3) the defendant's tortious conduct involving the interference, such as fraud, duress, or undue influence; (4) a reasonable certainty that, but for the defendant's interference, the expectancy of inheritance would have been realized; and (5) damage resulting from the interference. *Id.* at 88, 616 N.E.2d 202.

{¶15} However, we note the Ohio Supreme Court in *Firestone* explicitly declined to reach the issue of the "exhaustion of other possible remedies." *See id.* at 88. However, we have held that "a claim for intentional interference with expectancy of inheritance may not be pursued if adequate relief is available to the plaintiff through probate procedures ***." *Roll v. Edwards*, 156 Ohio App.3d 227, 805 N.E.2d 162, 2004-Ohio-767, ¶ 28. In other words, as the Tenth District Court of Appeals has determined, "[b]efore pursuing an IIEI [intentional interference with an expected inheritance] claim, a plaintiff must first exhaust all appropriate probate procedures." *Cunningham v. Cunningham,* Franklin App.No. 08AP–1049, 2009–Ohio–4648, ¶ 19. It is thus incumbent that we consider whether appellant had an appropriate procedure available in probate court to redress her claims against her niece and nephew.

**{¶16}** "The probate court is a court of limited and special jurisdiction. It has only the powers granted to it by statute." *Bishop v. Bishop*, 188 Ohio App.3d 98, 934 N.E.2d 420, 2010-Ohio-2958, ¶ 11, citing *Corron v. Corron* (1988), 40 Ohio St.3d 75, 77, 531 N.E.2d 708, and *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 34, 22 OBR 27, 488 N.E.2d 210. We cannot interpret the existence of plenary powers to enlarge the statutory grant of jurisdiction to the probate division. *See Oncu v. Bell* (1976), 49 Ohio App.2d 109, 110, 359 N.E.2d 712.

**{¶17}** R.C. 2101.24(A)(1) states in pertinent part as follows:

**{¶18}** "Except as otherwise provided by law, the probate court has exclusive jurisdiction:

**{¶19}** "(a) To take the proof of wills and to admit to record authenticated copies of wills executed, proved, and allowed in the courts of any other state, territory, or country. If the probate judge is unavoidably absent, any judge of the court of common pleas may take proof of wills and approve bonds to be given, but the record of these acts shall be preserved in the usual records of the probate court.

**{¶20}** "(b) To grant and revoke letters testamentary and of administration;

**{¶21}** "(c) To direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates;

**{¶22}** "***

**{¶23}** "(i) To authorize the sale of lands, equitable estates, or interests in lands or equitable estates, and the assignments of inchoate dower in such cases of sale, on petition by executors, administrators, and guardians;

{¶24} "(j) To authorize the completion of real property contracts on petition of executors and administrators;

{¶25} "(k) To construe wills;

{¶26} "(l) To render declaratory judgments, including, but not limited to, those rendered pursuant to section 2107.084 of the Revised Code;

{¶27} "(m) To direct and control the conduct of fiduciaries and settle their accounts;

{¶28} "(n) To authorize the sale or lease of any estate created by will if the estate is held in trust, on petition by the trustee;

{¶29} "(o) To terminate a testamentary trust in any case in which a court of equity may do so;

{¶30} "(p) To hear and determine actions to contest the validity of wills;

{¶31} " ***

{¶32} "(bb) To hear and determine applications for an order relieving an estate from administration under section 2113.03 of the Revised Code;

{¶33} "(cc) To hear and determine applications for an order granting a summary release from administration under section 2113.031 of the Revised Code;

{¶34} "(dd) To hear and determine actions relating to the exercise of the right of disposition, in accordance with section 2108.90 of the Revised Code[.] * * *."

{¶35} Certainly, "*** Ohio courts have found that 'one responsible for the administration of an estate' may bring a declaratory judgment action in the probate court to determine the validity of transfers of property that would revert back to the estate if the transfers were to be found invalid." *Lamar v. Washington*, Allen App.No. 1-05-54,

2006-Ohio-1414, ¶ 15, citing *Bobko v. Sagen* (1989), 61 Ohio App.3d 397, 406-07, 572 N.E.2d 823. Appellees, in their response brief, maintain that appellant should have pursued such a remedy in this case in the probate court, which has exclusive jurisdiction for estate administration declaratory judgments, as set forth by this Court in *Grimes v. Grimes*, 173 Ohio App.3d 537, 544, 879 N.E.2d 247, 2007-Ohio-5653. However, our specific holding in *Grimes* on this point was that "[i]n a case where an *administrator* of an estate questions the validity of certain *inter vivos* transfers that involve property which would revert to the estate if the transfers are found invalid, the action is related to the administration of the estate and is within the *exclusive* jurisdiction of the probate court." (Emphasis added.) *Grimes* at ¶ 19, quoting *Mock v. Bowen,* Lucas App.No. L-91-210, 1992 WL 163959.

{¶36} In the case sub judice, appellant filed her complaint in the general division both "as fiduciary of the Estate of Nola Stapleton and as an individual." Paragraph 12 of the complaint alleges: "Plaintiff states that she has a personal interest as she would receive 50% of any assets of the Estate of Nola Stapleton." Although it appears undisputed that appellant is no longer the fiduciary of the estate, we find her individual claims are not outside the jurisdiction of the general division pursuant to *Grimes.* Furthermore, as recognized by the Ohio Supreme Court, "generally speaking, the probate division has no jurisdiction over claims for money damages arising from allegations of fraud." *Schucker, supra,* at 35. We therefore hold that dismissal by the trial court, to the extent that it relied upon Civ.R. 12(B)(1), constituted error under the circumstances of this case.

*Dismissal Under Civ.R. 12(B)(6)*

**{¶37}** Appellees' motion to dismiss appellant's complaint also invoked Civ.R. 12(B)(6), i.e., failure to state a claim upon which relief can be granted.

**{¶38}** A trial court's decision to dismiss a plaintiff's complaint pursuant to Civ.R. 12(B)(6) presents a question of law that we review de novo. *Allen v. Bryan*, Hocking App.No. 12CA15, 2013-Ohio-1917, ¶ 7, citing *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004–Ohio–4362, 814 N.E.2d 44, ¶ 5. When deciding a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, trial courts must presume all factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Talwar v. State Med. Bd. of Ohio,* 104 Ohio St.3d 290, 2004–Ohio–6410, 819 N.E.2d 654, ¶ 5. Dismissal is proper only if it appears from the face of the complaint that the plaintiff can prove no set of facts that would entitle him or her to relief. *Johnson v. Microsoft Corp.,* 106 Ohio St.3d 278, 2005–Ohio–4985, 834 N.E.2d 791, ¶ 6.

**{¶39}** We recognize that "[e]ven though Ohio Rules allow for notice pleading, fraud is one of a limited number of theories that must be pled with specificity." *Koeck v. Boyle*, Athens App.Nos. 95CA1705, 96CA1731, 1997 WL 188778, citing Civ.R. 9(B).  In the case sub judice, the complaint alleges that appellees "acted in concert fraudulently and with undue influence" to take Nola Stapleton's property. Although the complaint is somewhat problematic in that it sought to have certain assets or the value thereof returned to Nola's estate, appellant did allege therein that she was entitled to fifty percent of Nola's estate's assets, and that damages in excess of $25,000.00 had been

incurred. Appellant also sought "all other relief which [the trial] court deems proper and just."

**{¶40}** Upon review, we find appellant's allegations under the criteria of *Firestone v. Galbreath* were sufficient to withstand appellees' 12(B)(6) motion under the circumstances presented.

<u>*Failure to Join Necessary Party*</u>

**{¶41}** Appellees also contend in response that appellant had failed to properly name as a defendant Johnna Stapleton, the wife of Appellee James Stapleton, based on Johnna's purported dower interest. In support, appellees cite *Young v. Wells*, Gallia App.Nos. 06-CA-6, 06-CA-7, 2007-Ohio-4568. However, that case involved a declaratory judgment action stemming from a claim of an oral contract to purchase real estate. The tort action filed by appellant in the case sub judice is distinguishable from a declaratory judgment action. We therefore find appellant herein was not required to name Johnna Stapleton as a party in the complaint for intentional interference with expectancy of inheritance.

<u>*Conclusion*</u>

**{¶42}** Upon review, we hereby hold the trial court erred as a matter of law in dismissing appellant's complaint for intentional interference with expectancy of inheritance.

**{¶43}** Appellant's Second Assignment of Error is sustained. However, we will next turn to a review of the issue of summary judgment.

I.

**{¶44}** In her First Assignment of Error, appellant argues the trial court erred in granting appellees' motion for summary judgment. We disagree.

**{¶45}** An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *State ex rel. Rhodes v. Chillicothe*, Ross App.No. 12CA3333, 2013-Ohio-1858, ¶ 25, citing *Smith v. McBride,* 130 Ohio St.3d 51, 2011–Ohio–4674, 955 N.E.2d 954, ¶ 12. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Harter v. Chillicothe Long–Term Care, Inc.,* Ross App. No. 11CA3277, 2012–Ohio–2464, ¶ 12; *Grimes v. Grimes,* Washington App.No. 08CA35, 2009–Ohio–3126, ¶ 16.

**{¶46}** Civ.R. 56(C) states in pertinent part: "*** Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. ***."

**{¶47}** The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt,* 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264 (1996). To meet this burden, the moving party must be able to specifically point to the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.* Civ.R.56(C). If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. *Bohl v. Travelers Ins. Group,* Washington App.No. 03CA68, 2005–Ohio–963, ¶ 17. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial. *Lauer v. Layco Enterprises, Inc.*, Washington App.No. 12CA40, 2013-Ohio-1916, ¶ 8 (internal citations omitted).

**{¶48}** In response to appellee's motion for summary judgment, appellant relied upon two main sources of evidence: Nola's medical records copies and appellant's own deposition taken November 28, 2011.[1]

**{¶49}** In regard to the medical records, it is well-established that where such material submitted in opposition is not sworn, certified, or put in evidence by way of affidavit, it does not qualify as documentary evidence under Rule 56(C) and should not be considered by the trial court. *See Citizens Ins. Co. v. Burkes* (1978), 56 Ohio App.2d 88, 95-96, 381 N.E.2d 963, citing *Olverson v. Butler* (1975), 45 Ohio App.2d 9, 340 N.E.2d 436. Appellant's medical records regarding Nola, which chiefly consist of

---

[1] Appellant's own deposition is the only one contained in the record before us.

photocopies of nurse's notes from 2003 (two years before Nola died) and 2005, are not supported by certification or affidavit.

{¶50} Moreover, while appellant, in her deposition, was able to recollect some of her interactions with Nola, appellant's allegations against Appellees James and Patricia almost exclusively consist of speculation and conjecture. For example, when asked to document her claim that Patricia had taken $1,500.00 from Nola's bank account, appellant testified: "Well, there's a withdraw [sic] on one of these pieces of paper. And she was the only one that could have done it. Sonny was – my brother was gone. And Mother [Nola] could not do this kind of stuff. So it had to be [Appellee] Patty. She was the only one legally able to do it." Widdig Depo. at 55. Appellant's testimony charges that appellees, after the summer of 2005, repeatedly rebuffed appellant's attempts to speak with Nola by telephone. Widdig Depo. at 52. But appellant was at best vague as to whether she had personal knowledge of any incidents where appellees had acted fraudulently or had exerted undue influence on Nola's decisions about her property. For example, when asked what Appellee James had done to obtain the deed to the house in a fraudulent manner, appellant responded: "*I think* him [sic] and his sister got the power-of-attorney to be able to take Mother [Nola] down there to the lawyer's office and have her sign these papers. *** I really don't know what they did. ***" Widdig Depo. at 62, emphasis added. Appellant added: "*** Did I watch them? No. Mother, over the years, would tell you everything. I mean, she didn't have any problem with talking about it. She did not like certain people of that family. *** "And so she would tell you when they were mean to her or when they would take something, or whatever. They would steal from her. She said they stole bedding and stuff all the time. I mean, every time

you went, it was something.  So we don't know whether they did or whether she thought they did." Tr. at 64.

**{¶51}** Upon review, we conclude that no genuine issue of material fact exists regarding appellant's complaint for intentional interference with expectancy of inheritance against appellees, based on allegations of fraud and undue influence, and we therefore hold the trial court properly granted summary judgment in favor of appellees in this matter.

**{¶52}** Appellant's First Assignment of Error is overruled.

**{¶53}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Scioto County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

_____
HON. JOHN W. WISE

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

JWW/ d 0729

IN THE COURT OF APPEALS FOR SCIOTO COUNTY, OHIO
FOURTH APPELLATE DISTRICT

MARY J. WIDDIG, as fiduciary of   :
The Estate of Nola Stapleton and   :
as an individual        :
            :
  Plaintiff-Appellant    :
            :
-vs-           :    JUDGMENT ENTRY
            :
PATRICIA WATKINS, et al.    :
            :
  Defendants-Appellees   :    Case No. 13-CA-3531

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Scioto County, Ohio, is affirmed.

Costs assessed to appellant.

_____
HON. JOHN W. WISE

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER